UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-82399-CIV-SINGHAL/MATTHEWMAN

WAGNER PONTES LIMA, individually,
and derivatively on behalf of D4U USA LAW
GROUP, LLC,

    Plaintiffs/Counter-Defendants,

v.

Y. KRIS LEE,

    Defendant/Counter-Claimant.
_____/

Y. KRIS LEE,

    Third-Party Plaintiff,

v.

D4U USA LAW FIRM, LLC and D4U
USA CONSULTING LLC,

    Third-Party Defendants.
_____/

FILED BY KJZ D.C.
Dec 15, 2021
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

**ORDER AWARDING ATTORNEY'S FEES
TO DEFENDANT/COUNTERCLAIMANT
AND AGAINST PLAINTIFFS/COUNTER-DEFENDANTS**

THIS CAUSE is before the Court upon Defendant/Counterclaimant's ("Defendant") Memorandum of Attorney's Fees and Costs. [DE 83]. Plaintiff/Third-Party Defendant ("D4U Parties") filed a response [DE 89], and Defendant replied [DE 91]. The Court has carefully reviewed the filings and the Court's prior Orders, as well the entire docket in this case.

    I.    **BACKGROUND**

On November 9, 2021, the Court entered an Order [DE 80], which, in relevant part, stated that "Defendant is entitled to **reasonable** attorney's fees and costs to be paid by the D4U Parties

that were incurred by Defendant in bringing the Motion to Compel, reviewing the response to the Motion to Compel, replying to the response to the Motion to Compel, and in attending the November 9, 2021 hearing." The award of reasonable attorney's fees and costs was ordered pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), which provides that, if a motion to compel is granted, "the court must . . . [order the opposing party] to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The Court set a briefing schedule for Defendant to file "an appropriate Memorandum of Attorney's Fees and Costs addressing the reasonable attorney time incurred, the reasonable hourly rate, and any specific costs or expenses incurred," as well for a response and reply.

Defendant timely filed the Affidavit of Javier A. Lopez, Esq [DE 83-1], in which attorney Lopez represents that Defendant is seeking $9,700.00, comprising a total of 22.5 hours of work. According to attorney Lopez, (1) he is a managing partner, his regular hourly rate charged for commercial litigation matters is $675.00, and he billed 0.3 hours for attending the November 9, 2021 hearing; (2) John I. Criste is an associate, his regular hourly rate charged for commercial litigation matters is $450.00, and he billed 2.5 hours for reviewing the pleadings; and (3) Rasheed K. Nader is an associate, his regular hourly rate charged for commercial litigation matters is $425.00, he drafted the motion to compel, reviewed the response, drafted the reply, and argued at the hearing; and he billed 19.7 hours for this work. Defendant attached a detailed statement of the above attorneys' timecards to reflect monthly statements of accounts of all fees incurred by Defendant during the months of September 2021 through November 2021 in relation to the motion to compel. [DE 83-2].

In response, the D4U Parties argue that Defendant's requested amount of fees and costs is not reasonable because (1) using Defendant's own exhibit totaling the amount of hours, the total

should be $9,572.50, and not $9,700; (2) attorney Nader prepared for the hearing and was the only one who argued at the hearing, therefore, Defendant should be entitled for only the reasonable fees billed by attorney Nader; and (3) the hourly rate billed is unreasonable because the motion to compel did not involve a novel or complex issue and Defendant's filings were brief and mostly contained background.

In reply, Defendant states that (1) it acknowledged a 0.3-hour difference between the hours claimed in its memorandum and the hours in the spreadsheet attached to the memorandum in correspondence with counsel for the D4U Parties; (2) it is reasonable for the D4U Parties to pay for attorney Criste and attorney Lopez to attend the hearing because they are the two other attorneys of record in this case and must remain up to date on the discovery disputes; and (3) the rates billed by Defendant's attorneys are reasonable.

## II.    DISCUSSION AND ANALYSIS

While Defendant has a right to attorney's fees incurred, the Court has a corresponding duty to ensure that such an award is reasonable. A reasonable attorneys' fee award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1994)). This "lodestar" may then be adjusted for the results obtained by the attorney. *See Barnes*, 168 F.3d at 427 (citing *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)). "In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of

> employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 1350 n. 2 (citation omitted).

The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (quoting *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999)). The fee applicant bears the burden of establishing the claimed market rate. *See Barnes*, 168 F.3d at 427. The Court may use its own experience in assessing the reasonableness of attorneys' fees. *Norman*, 836 F.2d at 1299. "When a district court finds the number of hours claimed is unreasonably high, the court has two choices; it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins*, 548 F.3d at 1350 (citing *Loranger*, 10 F.3d at 783); *Freestream Aircraft USA Ltd. v. Chowdry*, No. 16-CV-81232, 2017 WL 4785458, at *1 (S.D. Fla. Oct. 20, 2017).

As an initial matter, the Court will only consider the hours reflected in the exhibits to Defendant's memorandum. [DE 83-2]. In reply, Defendant admits that there a 0.3-hour difference between the hours claimed in Defendant's memorandum and the hours in the spreadsheet attached to the memorandum. However, Defendant argues that this error should be excused because Defendant's counsel subsequently discussed it with the D4U Parties' counsel and that Defendant's counsel "accidentally redacted one entry for 0.3 hours on October 15, 2021, for "review[ing] [the] response to [the] motion to compel." However, the Court finds that any entitlement to 0.3 hours for time reviewing the response to the motion to compel has been waived. Defendant did not seek

to amend its memorandum or its exhibit, and the Court will not consider Defendant's explanation for the first time in reply. Accordingly, the Court will review the hours reflected in the exhibits to Defendant's memorandum for reasonableness. [DE 83-2].

The Court finds that the number of hours claimed is unreasonably high. Defendant seeks attorney's fees for a total of 22.2 hours of work in connection with the motion to compel. The breakdown by attorney is as follows: 19.4 hours for attorney Nader's time, 0.3 hours for attorney Lopez's time, and 2.5 for attorney Criste's time. While a perfectly appropriate filing, the motion to compel was, nonetheless, only six pages in length, consisted of mostly background information, and did not contain any complex arguments. [DE 52 & 53]. *Freestream Aircraft USA Ltd. v. Chowdry*, 16-CV-81232, 2017 WL 4785458, at *3 (S.D. Fla. Oct. 20, 2017) (finding that 22 hours to draft and finalize a 12-page motion for sanctions was excessive); *see also Johnson v. FedEx Ground Package Sys. Inc.*, 519CV00196JSMPRL, 2020 WL 10334683, at *2 (M.D. Fla. June 23, 2020) (finding 6.40 hours reasonable for preparing a motion to compel and preparing the declaration); *Brancato v. Cotrone*, No. 5:18-cv-368, 2019 WL 6051432, at *2 (M.D. Fla. Nov. 15, 2019) (finding 8.1 hours reasonable for a motion to compel, response to a cross motion, and the instant motion). The Court finds that 22.2 hours is excessive under the circumstances.

In addition, the Court finds that it was unreasonable to have three attorneys attend the hearing on the motion to compel. While "[t]here is nothing inherently unreasonable about a client relying on more than one lawyer or having an attorney review and revise his or her colleague's work[,] . . . a fee applicant bears the burden of establishing that billed time reflects distinct contributions by each lawyer." *People for Ethical Treatment of Animals, Inc. v. Dade City's Wild Things, Inc.*, No. 8:16-cv-2899, 2018 WL 1605842, at *3 (M.D. Fla. Apr. 3, 2018). Defendant has not met her burden to establish that having three attorneys present at a simple motion to compel

hearing was reasonable. It is undisputed that attorney Nader was the only one who argued during the hearing. Defendant's explanation in requesting the fees of two other attorneys is that the presence of attorney Criste and attorney Lopez was reasonable because they are both attorneys of record in this case and must remain up to date on discovery disputes. A review of the record shows that attorney Lopez also attended a previous discovery hearing with attorney Nader in this case [DE 35]; therefore, the Court finds that Defendant reasonably billed for the time of two lawyers to appear at the hearing but there is no reasonable justification to have a third attorney present during the hearing, and a third attorney's presence was duplicative. *See Nation Motor Club, Inc. v. Stonebridge Cas. Ins. Co.*, No. 10-81157-CIV, 2013 WF 6729648, *2 (S.D. Fla. Aug. 2, 2013) ("[E]ach attorney's contributions must be distinct, and not redundant, in order to merit compensation.").

In sum, the number of hours claimed is unreasonably high and a 50% reduction for the attorneys' time is appropriate. Therefore, the Court finds that 9.7 for attorney Nader, 0.15 for attorney Lopez, and 1.25 for attorney Criste is reasonable under the circumstances.

Next, the Court turns to whether the requested hourly rates are reasonable for attorney Nader, attorney Lopez, and attorney Criste. In support of the claimed reasonable hourly rates, the declaration of attorney Lopez avers that his regular hourly rate for commercial litigation matters is $675.00. [DE 83-1 ¶ 8]. Attorney Lopez avers that this is a reasonable rate because he is a managing partner of the firm, he graduated from George Washington University School of Law, has been practicing law in Miami since 2005, and has litigated hundreds of cases in state and federal court. *Id.* Attorney Lopez then avers that the regular hourly rate charged by attorney Criste for commercial litigation matters is $450.00. *Id.* ¶ 9. Attorney Criste is an associate who received his undergraduate degree from Stanford University and his law degree from the University of Miami School of Law, and he has been practicing law in Miami since 2015. *Id.* Finally, attorney Lopez avers that Attorney

Nader's regular hourly rate for commercial litigation matters is $425. *Id.* ¶ 10. Attorney Nader is an associate, graduated from Florida International University College of Law, has been practicing law since 2017, and served as a law clerk at the Florida Supreme Court and United States Court of Appeals for the Eleventh Circuit. *Id.*

Based on the Court's own experience and knowledge of prevailing market rates for similar services in the South Florida legal community as well as on the Court's review of the qualifications, the Court finds that an hourly rate of hourly rate of $400.00 for attorney Lopez and an hourly rate of $300 for both Attorney Criste and Attorney Nader is reasonable. *See*, *e.g.*, *Nation Motor Club, Inc.*, No. 10-81157-CIV, 2013 WF 6729648, *2 (finding $400.00 to be a reasonable hourly rate in responding to a motion for protective order for a partner with twenty-five years' experience); *see also Freestream Aircraft USA Ltd. v. Chowdry*, 16-CV-81232, 2017 WL 4785458, at *2–3 (S.D. Fla. Oct. 20, 2017).

Finally, in order to calculate the appropriate fee award, the Court must multiply the reduced reasonable rates of the attorneys by the number of reasonable hours spent in connection with the motion to compel. The Court finds Defendant reasonably incurred 11.1 hours of attorney work, and Defendant should be awarded a total $3,345.00 in fees calculated as follows: $2,910.00 for attorney Nader, $375.00 for attorney Criste, and $60.00 for attorney Lopez.

### III. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that the D4U Parties shall reimburse Defendant for her attorney's fees in the amount of **$3,345.00.** The D4U Parties are ordered to make such payment to Defendant's counsel's trust account within twenty (20) days from the date of this Order. Thereafter, the parties shall file a Notice in the record advising that payment has been made

or advising that payment has not been made within the time period ordered by the Court. In the event of non-payment, Defendant may move for entry of a judgment against the D4U Parties and for any other appropriate relief.

**DONE and ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 15th day of December 2021.

WILLIAM MATTHEWMAN
United States Magistrate Judge