UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-82399-CIV-SINGHAL/MATTHEWMAN

WAGNER PONTES LIMA, individually,
and derivatively on behalf of D4U USA LAW
GROUP, LLC,

    Plaintiffs/Counter-Defendants,

v.

Y. KRIS LEE,

    Defendant/Counter-Claimant.
_____/

Y. KRIS LEE,

    Third-Party Plaintiff,

v.

D4U USA LAW FIRM, LLC and D4U
USA CONSULTING LLC,

    Third-Party Defendants.
_____/

## ORDER ON DEFENDANT'S MOTION
## TO COMPEL A FORENSIC EXAMINATION [DE 92]

THIS CAUSE is before the Court upon Defendant's Motion To Compel A Forensic Examination. [DE 92]. Plaintiffs responded in opposition [DE 94] and Defendant replied [DE 95]. The parties also filed a Joint Notice to advise of the issues the parties could not resolve after renewed conferral. [DE 98]. The Court held a hearing via Zoom video teleconference (VTC) on December 29, 2021. At the conclusion of the December 29, 2021 hearing, the Court announced its oral rulings. This written Order follows.

On November 9, 2021, the Court ordered that "[a]ll emails from July 28, 2020 to the present from the at issue email address (yklee@d4uusa.com) are relevant and proportional to this case." [DE 80]. The Court ordered that these emails be produced to Defendant by November 16, 2021. *Id.* The Court noted that the "Affidavit of Mr. Pontes Lima states that he deleted the email account at issue, then revived the email account, and then deleted it a second and final time." *Id.* (citing DE 56-1). Because of the concern about possible spoliation, the Court ordered the preservation of "any electronic devices that may have been used to access this email account and any cloud-based storage system that may contain the emails at issue." *Id.*

Now, Defendant moves for a forensic examination to locate these emails because none of the emails have been produced by Plaintiffs in response to the Court's prior Order. [DE 92]. As clarified during the hearing, Defendants request that the expert examine the Google Workspace account, a cloud-based system, to recover emails sent or received from July 28, 2020 to the present from the at issue e-mail address (yklee@d4uusa.com).

In order to comply with the Court's prior Order compelling production of the at-issue emails, Plaintiffs issued a non-party subpoena to Google. [DE 94]. However, on December 10, 2022, Google objected to the subpoena, and also provided instructions for the owner of the Google Workspace domain, d4uusa.com, to access the data associated with that domain. [DE 98-1]. As clarified during the hearing, Plaintiffs are the owner of the domain but have allegedly been unsuccessful in recovering the at-issue emails by following Google's identified procedures to do so.

Therefore, as fully stated on the record in open Court, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion To Compel A Forensic Examination [DE 92] is **GRANTED IN PART AND DENIED IN PART,** as follows. All parties involved have an interest in recovering the emails previously ordered to be produced in this case. [DE 80]. The Court has not made any findings of spoliation or any determination regarding sanctions as it relates to the deleted account at this time. However, it is uncontested that the account at issue has been deleted twice by Plaintiff, frustrating discovery from efficiently moving forward in this case. As such, a forensic examination of the Google Workspace account is necessary to recover emails sent or received from July 28, 2020 to the present from the at issue e-mail address (yklee@d4uusa.com).

2. The parties shall meet and confer regarding their designation of an independent forensic expert. It is in the benefit of all involved to jointly agree to an expert and to work with their chosen expert to discuss the most cost-efficient procedure to recover these emails. As such, **by or before January 7, 2022**, the parties shall file a Joint Notice advising the Court if they agree on an expert to perform this task. If the parties cannot agree on the selection of an expert, each party shall submit its recommendation to the Court, and the Court will select the expert. Once an expert is selected, by the parties or the Court, the parties shall confer with the expert to arrive at reasonable procedures and protocols to recover the emails at issue. As fully explained at the hearing, if cost-efficient, the parties should opt for a narrower approach before revisiting the issue and expanding the search. Because counsel for both parties have demonstrated their ability to work cooperatively in this case, the Court will allow them to work together to set the parameters of the examination at this time. For guidance, the parties may wish to review the Court's prior orders setting forth certain protocols and protections for forensic examinations. *See,*

*e.g.*, *Measured Wealth Private Client Group, LLC v. Foster*, 20-CV-80148, 2021 WL 309033, at *2 (S.D. Fla. Jan. 29, 2021); *Barton & Assocs., Inc. v. Liska*, No. 9:19-CV-81023, 2020 WL 8299750, at *1 (S.D. Fla. May 11, 2020). Of course, the Court will mandate the protocol of the examination in the future, if deemed necessary.

3. At this time, the parties shall jointly pay for all fees and costs of hiring the independent expert, subject to reallocation based upon the results of the examination and the further development of the facts related to this dispute. The Court will revisit this issue, if necessary, upon the filing of a proper motion at the conclusion of the examination.

4. Once the forensic examination is completed, if Defendant reasonably believes these emails are "lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery[,]" then Defendant may file an appropriate motion to address spoliation pursuant to Federal Rule of Civil Procedure 37(e).

5. Plaintiff is reminded that, pursuant to the Court's prior Order [DE 80], Plaintiff **SHALL CONTINUE TO PRESERVE** any electronic devices that may have been used to access this email account and any cloud-based storage system that may contain the emails at issue.

6. Finally, as stated on the record, the Court has carefully reviewed Defendant's Motion To Compel Production Of WhatsApp Messages From Plaintiff [DE 99], which has not yet been fully briefed and was not a matter set to be heard during the December 29, 2021 hearing. The parties shall confer in good faith regarding the relief requested in this motion, which could obviate the need for further Court intervention in light of the Court's rulings on related issues in this case. To conserve Court and party resources,

the parties should also confer to determine if a search for these messages should be included in the upcoming forensic examination. Briefing on this motion will be due in the ordinary course as set forth in the Court's Order Setting Discovery Procedure [DE 13]. If the parties resolve the disputes raised in this motion in whole or in part, the Court shall be promptly notified.

**DONE and ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 30th day of December 2021.

WILLIAM MATTHEWMAN
United States Magistrate Judge