UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-82399-CIV-SINGHAL/MATTHEWMAN

WAGNER PONTES LIMA, individually,
and derivatively on behalf of D4U USA LAW
GROUP, LLC,

    Plaintiffs/Counter-Defendants,

v.

Y. KRIS LEE,

    Defendant/Counter-Claimant.
_____/

Y. KRIS LEE,

    Third-Party Plaintiff,

v.

D4U USA LAW FIRM, LLC and D4U
USA CONSULTING LLC,

    Third-Party Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION TO QUASH,
OR IN THE ALTERNATIVE, FOR PROTECTIVE ORDER [DE 121]**

**THIS CAUSE** is before the Court upon: (1) Plaintiff/Counter-Defendant Wagner Pontes Lima's "Motion to Quash, or in the Alternative, for Protective Order and Incorporated Memorandum of Law" ("Motion") [DE 121]; and (2) the Amended Order of Referral [DE 123] from the Honorable Raag Singhal, United States District Judge. The Court has carefully considered the Motion and is otherwise fully advised in the premises.[1]

---

[1] The Court notes that the Motion is poorly drafted in that it contains numerous typographical and grammatical errors, and is internally inconsistent, as it seemingly seeks to enforce the terms of a Stipulated Confidentiality Agreement and

I.     **BACKGROUND**

Previously, following the filing of Plaintiff/Counter-Defendant Wagner Pontes Lima, Defendant/Counter-Plaintiff/Third-Party Plaintiff Y. Kris Lee, and Third-Party Defendants D4U USA Law Firm LLC and D4U USA Consulting LLC's ("the parties") Joint Stipulation of Dismissal with Prejudice [DE 119], the Court issued an Order of Dismissal with Prejudice ("Dismissal Order") [DE 120]. Within the Court's Dismissal Order, the Court dismissed this action with prejudice, "retain[ing] jurisdiction to enforce the terms of the parties' settlement agreement, dated March 9, 2022." [DE 120 at 1].

However, it now appears that during the pendency of this federal case, Plaintiff was litigating a "separate and completely different matter" in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida; specifically, Case No. 50-2020-CA-011301-MB ("the State Court Action"). [DE 121 at 1]. Plaintiff brought that State Court Action—which involved claims of defamation *per se*—against defendants Fany M. Fanani and Hugo Facundo de Almeida Filho [DE 121-5], neither of whom have ever been involved in this federal case.

On May 17, 2022, in the State Court Action, Fany M. Fanani filed a Notice of Intent to Issue Non-Party Subpoena Duces Tecum [DE 121-2], seeking "[a]ny and all transcripts and recordings of the deposition(s) of WAGNER PONTES LIMA taken in case number 9:20-cv-82399, Lima et al[.] v. Lee, including all exhibits to the depositions." [DE 121-2]. In other words, Fany M. Fanani—one of the two defendants in the State Court Action—sought the deposition transcripts and recordings of the plaintiff in this federal case.

Plaintiff objected to the non-party subpoena in the State Court Action due to the existence of "a confidentiality and protective Court Order . . . in the matter of Lima v. Lee (20-CV-82399)

---

Protective Order, while simultaneously seeking to enforce the terms of a purported confidentiality clause contained within the parties' March 9, 2022 settlement agreement. This inconsistency is discussed in further detail below.

that precludes Plaintiff and Y. Kris Lee from producing the transcript to third parties." [DE 121-3 at 2]. The Honorable G. Joseph Curley, Florida Circuit Judge, overruled Plaintiff's objection, allowing Plaintiff to "seek relief from the District Court on this same issue." [DE 121-4 at 2]. Now, relying upon the state court's assertion that Plaintiff could "seek relief from the District Court," Plaintiff has filed the instant Motion in this closed case:

> on the basis that (1) there is a confidentiality Order in this matter that precludes Plaintiff or Ms. Lee from producing the requested deposition transcript and (2) in the alternative, that even if the confidentiality order does not precludes [sic] Plaintiff or Ms. Kris Lee from producing the requested deposition transcript, [Plaintiff's] transcript contains confidential business information that is not relevant in the defamation matter and its disclosure will be prejudicial to the companies' trade secrets and processes.

[DE 121 at 3]. Plaintiff also contends that "Fanani's Subpoena should be quashed, or alternatively, a protective order should be issued because Ms. Lee and [Plaintiff] have a contractual right to maintain the confidentiality of the documents sought under this subpoena that are covered by a confidentiality clause contained within the Settlement Agreement that [they] negotiated and signed." *Id.*

## II.   ANALYSIS

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Once a court enters an order of dismissal, it generally loses jurisdiction to further act on the case except to the extent that it specifically retains jurisdiction." *Bacson Tobacco Co. v. Diplomatic Int'l Co.*, No. 20-CV-21066, 2020 WL 3268238, at *1 (S.D. Fla. May 29, 2020); *United States v. 2411 NE 32nd Ct.*, No. 97-2729-CIV, 2012 WL 718780, at *1 (S.D. Fla. Mar. 6, 2012) (stating the same). To this end, "a district court [may] retain jurisdiction to enforce a settlement agreement with consent of the parties and of the court, provided the district court issues an order requiring compliance with the settlement agreement." *Anago Franchising,*

*Inc. v. Shaz, LLC*, 677 F.3d 1272, 1278 (11th Cir. 2012). This is because "enforcement of . . . settlement agreement[s] is for state courts, unless there is some independent basis for federal jurisdiction." *Kokkonen*, 511 U.S. at 382.

Here, the Court dismissed this action with prejudice, retaining jurisdiction only to "enforce the terms of the parties' settlement agreement, dated March 9, 2022." [DE 120 at 1]. Consequently, pursuant to *Kokkonen* and *Anago Franchising*, the Court only has jurisdiction to enforce the terms of the parties' March 9, 2022 settlement agreement. *See Kokkonen*, 511 U.S. at 377; *Anago Franchising*, 677 F.3d at 1278.

Now, despite this limited basis for jurisdiction, Plaintiff seeks the broad relief specified above. However, Plaintiff's Motion is deficient on several grounds. First, Plaintiff's Motion is not styled as a motion to enforce the settlement agreement, which is the sole basis on which this Court retained jurisdiction. Second, to the extent that Plaintiff's Motion could theoretically be interpreted as a motion to enforce the settlement agreement despite not being denominated as such, Plaintiff has failed to provide the Court with a copy of the purported March 9, 2022 settlement agreement, and that settlement agreement has never been filed on the docket in this case. Third, Plaintiff's Motion filed in this closed federal case is made pursuant to Rules 45(d) and 26(c) of the Federal Rules of Civil Procedure (seeking to quash a subpoena, and for a protective order, respectively), despite the fact that the subpoena which Plaintiff seeks to quash was issued in a state court case pursuant to Rule 1.351(b) of the *Florida* Rules of Civil Procedure. This Court does not have jurisdiction to involve itself in a state court discovery dispute as requested by Plaintiff. Fourth, in Plaintiff's Certificate of Service, Plaintiff merely states that "a true and correct copy of the foregoing [Motion] was filed with the Clerk of Court for the Southern District of Florida, by using the CM/ECF system, which will send an automatic e-mail message to all counsel of record." [DE

121 at 11]. However, Fany M. Fanani is not a party to this case, and the Court therefore has no assurance that Fany M. Fanani has been served with a copy of the Motion.

Further, the Court notes that Plaintiff's Motion is internally inconsistent in the sense that it relies upon the Stipulated Confidentiality Agreement and Protective Order (the source of Plaintiff's objection in the State Court Action), while simultaneously relying upon a purported confidentiality clause contained within the parties' March 9, 2022 settlement agreement (which Plaintiff has not filed with the Court). Assuming Plaintiff is relying upon the former, this Court unquestionably would not have jurisdiction, as the Court retained jurisdiction only to enforce the terms of the parties' March 9, 2022 settlement agreement. Assuming the latter, and that Plaintiff intended to ask this Court to enforce a confidentiality clause purportedly contained within the March 9, 2022 settlement agreement, or to enforce some provision of the March 9, 2022 settlement agreement that referenced the Stipulated Confidentiality Agreement and Protective Order, the Court finds the following assertion telling:

> *[E]ven if the confidentiality order does not preclude[] Plaintiff or Ms. Kris Lee from producing the requested deposition transcript*, [Plaintiff's] transcript contains confidential business information that is not relevant in the defamation matter and its disclosure will be prejudicial to the companies' trade secrets and processes.

[DE 121 at 3] (emphasis added). If the purported confidentiality clause or potentially incorporated confidentiality order does not apply to the requested deposition transcripts, there is no basis for this Court to exercise its limited jurisdiction. *See Kokkonen*, 511 U.S. at 382. Further, it is not this Court's role to tell a state court Judge what is or is not relevant or prejudicial in a state court action, and this Court will not do so. Accordingly, for all the above reasons, the Court finds that Plaintiff's Motion must be denied.

### III.     CONCLUSION

1. Based on the foregoing, it is hereby **ORDERED** that Plaintiff's Motion to Quash, or in the Alternative, for Protective Order and Incorporated Memorandum of Law [DE 121] is **DENIED.** This denial of Plaintiff's Motion is without prejudice to Plaintiff's ability to file a proper motion to enforce the terms of the March 9, 2022 settlement agreement, if Plaintiff can do so in good faith, with both legal and factual support, subject to the requirements and dictates of Rule 11 of the Federal Rules of Civil Procedure.

2. The Court notes that it is extremely hesitant to interject itself into a state court proceeding and does not see how obtaining a copy of a deposition transcript would violate the terms of a settlement agreement or provide this Court with a method to rule on a state court dispute. However, if in accordance with the dictates of Rule 11(b) of the Federal Rules of Civil Procedure, subject to Rule 11(c), Plaintiff and his counsel can assert a good faith factual and legal basis for this Court to exercise its jurisdiction and enforce the terms of the March 9, 2022 settlement agreement, the Court will consider any such further motion, if filed.

3. Since Plaintiff has failed to provide this Court with a mailing address for non-party Fany M. Fanani, Plaintiff and his counsel are ORDERED to forthwith serve a copy of this Order upon non-party Fany M. Fanani.

   **DONE and ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 24th day of August 2022.

                                                      WILLIAM MATTHEWMAN
                                                      United States Magistrate Judge