UNITED STATES DISTRICTCOURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-82399-CIV-SINGHAL/MATTHEWMAN

WAGNER PONTES LIMA, individually,
and derivatively on behalf of D4U USA LAW
GROUP, LLC,

      Plaintiffs/Counter-Defendants,

v.

Y. KRIS LEE,

      Defendant/Counter-Claimant.

_____/

Y. KRIS LEE,

      Third-Party Plaintiff,

v.

D4U USA LAW FIRM, LLC and D4U
USA CONSULTING LLC,

      Third-Party Defendants.

_____/

FILED BY ___SW___ D.C.

May 31, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT/COUNTER-CLAIMANT Y. KRIS LEE'S MOTION TO ENFORCE SETTLEMENT AGREEMENT [DE 125]

**THIS CAUSE** is before the Court upon Defendant/Counter-Claimant/Third-Party Plaintiff Y. Kris Lee's ("Defendant," "Defendant Lee," or "Lee") Motion to Enforce Settlement Agreement ("Motion to Enforce") [DE 125]. The Motion to Enforce was referred to the Undersigned United States Magistrate Judge for a report and recommendation by the Honorable Raag Singhal, United States District Judge. *See* DE 123. Plaintiff/Counter-Defendant Wagner Pontes Lima ("Plaintiff Lima" or "Lima") has filed a Response in Opposition [DE 129], and Defendant has filed a Reply [DE 130].

The Court held a two-day, in-person evidentiary hearing on the Motion to Enforce, on February 26, 2024 and March 15, 2024. And, in the interim period between the February 26, 2024 evidentiary hearing and the March 15, 2024 continuation thereof, Plaintiff Lima filed a "Supplemental Memorandum in Support of . . . Opposition to Lee's Motion to Enforce Settlement Agreement" [DE 168], to which Defendant Lee then filed a "Response in Opposition to Plaintiff's Supplemental Memorandum of Law" [DE 171]. This Report & Recommendation follows.

## I.  BACKGROUND

Previously, following the filing of Plaintiff/Counter-Defendant Wagner Pontes Lima, Defendant/Counter-Claimant/Third-Party Plaintiff Y. Kris Lee, and Third-Party Defendants D4U USA Law Firm LLC and D4U USA Consulting LLC's ("the parties") Joint Stipulation of Dismissal with Prejudice [DE 119], the Court issued an Order of Dismissal with Prejudice ("Dismissal Order") [DE 120]. Within the Court's Dismissal Order, the Court dismissed this action with prejudice, "retain[ing] jurisdiction to enforce the terms of the parties' settlement agreement, dated March 9, 2022." [DE 120 at 1].

Now, Defendant Lee has filed a Motion to Enforce, arguing that Plaintiff Lima has breached the Settlement Agreement and Release. Defendant Lee thus seeks enforcement of the Settlement Agreement and Release, which is available on the docket at DE 128.

## II.  MOTION, RESPONSE, REPLY, AND SUPPLEMENTAL BRIEFING

### A.  Defendant Lee's Motion to Enforce [DE 125]

In Defendant Lee's Motion to Enforce [DE 125], Defendant Lee begins by noting the parties executed a Settlement Agreement and Release ("Settlement Agreement") on or about March 9, 2022, with the Court expressly retaining jurisdiction to enforce the terms of the parties'

Settlement Agreement in an ensuing April 15, 2022 Order of Dismissal With Prejudice. [DE 125 at 1–2]. Defendant Lee thereafter notes that the Settlement Agreement contains a non-disparagement clause (Section 7) and a provision requiring Plaintiff Lima to dismiss any pending action against Defendant Lee in Brazil (Section 4). *Id.* And, Defendant Lee maintains that Plaintiff Lima has "violated both of the foregoing terms of the Settlement Agreement resulting in incalculable damage to Lee's business interests and professional reputation." *Id.*

More specifically, Defendant Lee argues that Plaintiff Lima has ignored his obligations under the Settlement Agreement "in at least three (3) key respects resulting in significant harm to Lee's professional reputation." *Id.* at 4. First, Defendant Lee argues that Plaintiff Lima has "both personally and through third parties acting at his behest – posted defamatory content online which targets and disparages Lee in direct contravention of section 7 of the Settlement Agreement." *Id.* While Defendant Lee notes Plaintiff Lima did not specifically state her name, she argues he "obliquely refer[red]" to her in a number of ways. *Id.* Second, Defendant Lee argues that Plaintiff Lima has failed to promptly dismiss the pending Brazilian criminal court proceeding against her, and has "in fact, taken steps to affirmatively pursue the Brazilian action against Lee by obtaining international service of process against her[,]" in violation of Section 4 of the Settlement Agreement. *Id.* at 4–5.

Third, Defendant Lee argues that Plaintiff Lima "fraudulently permitted one of his employees . . . to submit a United States Citizenship and Immigration Services Form I-140 . . . to the USCIS in which D4U USA Law Group LLC . . . was listed as the sponsoring employer for the position of Legal Assistant[.]" *Id.* at 5–6. Defendant Lee maintains that this was fraudulent because she "was the sole attorney and controlling manager for [D4U USA Law Group LLC] under Washington, D.C. law and, as per the Settlement Agreement, Lee dissociated therefrom in

July 2020 and the entity did not have any employees since its registration in May 2018." *Id.* at 6. And while Defendant Lee and Plaintiff Lima's former attorney apparently separately alerted USCIS to the fraud, Defendant Lee "has since learned that Lima's employee on whose behalf the petition was fraudulent filed, . . . independently contacted the USCIS and successfully reversed the denial of her petition – thereby falsely memorializing Lee's involvement in the Green Card fraud as the sole attorney and only person who can supervise a Legal Assistant for the sponsoring entity." *Id.*

Accordingly, Defendant Lee seeks specific performance of the Settlement Agreement. *Id.* That is, Defendant Lee "seeks specific performance requiring Lima to comply with the [Settlement Agreement's] provisions relating to non-disparagement (section 7) and dismissal of the Brazilian proceedings (section 4)." *Id.* Defendant Lee maintains that in the absence of specific performance, she "lacks any adequate remedy at law due to the impossibility of calculating monetary damages resulting from Lima's disparagement." *Id.* at 6–7. Defendant Lee additionally seeks "an award of Lee's attorneys' fees and costs as per the Settlement Agreement[.]" *Id.* at 7.

B.  Plaintiff Lima's Response in Opposition [DE 129]

In response, Plaintiff Lima contends that: (1) he did not violate the non-disparagement provision of the Settlement Agreement; (2) he is not obligated to dismiss the Brazilian criminal case against Defendant Lee; and (3) the purportedly fraudulent immigration application is not connected to the Settlement Agreement. [DE 129 at 2–10]. Thus, Plaintiff Lima maintains that "Defendant's effort to reopen this case to enforce the Settlement Agreement should be deemed futile." *Id.* at 2.

4

With respect to the non-disparagement provision, Plaintiff Lima notes that "[t]his past October [he] went to trial and received a jury verdict in his favor against two non-parties to this action who were constantly defaming him, his family, and his employees." *Id.* at 3. Plaintiff Lima also notes that during said trial, Defendant Lee served as an adverse witness against him. *Id.* Turning then to the purported non-disparagement, Plaintiff Lima states that the Instagram video at issue—posted on or about October 25, 2023 following the $1.45 million verdict in his favor— "solely address[ed] the events [that] occurred and [were] related to the litigation in <u>Pontes Lima v. Fany M. Fanani, et al.</u>, 50-2020-CA-011301-MB in the Circuit Court of the 15th Judicial Circuit, in and for Palm Beach County, Florida." *Id.*

In this regard, according to Plaintiff Lima, the Settlement Agreement "does not preclude [Plaintiff Lima] from speaking about a case in which the Defendant was not a party and [in which he] never even identified the Defendant by name in the posting that she now complains about." *Id.* Indeed, Plaintiff Lima notes that "the only comments that Defendant complains about are how [he] references his 'former partner' who he said, 'never invested a dollar in D4U', 'never brought in a single client' and did 'horrible work' and 'treated our employees very rudely'." *Id.*

Thus, in citing to the elements for a claim of defamation, Plaintiff Lima argues that his "few statements about his unnamed former partner in the course of [a] long video he posted online which emotionally celebrated his victory in a defamation trial against non-parties to this matter" are not actionable under Florida law, as Defendant has failed to show "that any third party connected this unnamed partner to [Defendant Lee] and that it damaged her in any way." *Id.* at 4–5. Moreover, to the extent Defendant Lee argues that Plaintiff Lima directed third parties to post defamatory content, Plaintiff Lima denies the allegations and notes that Defendant Lee

"fails to identify who the mysterious third parties are who are purportedly acting at [Plaintiff Lima's] behalf or what content was even posted." *Id.* Thus, "[i]n sum, the Defendant fails to articulate good cause to reopen this case as it relates to [Plaintiff Lima's] statements about an unnamed former partner." *Id.*

As to the Brazilian criminal case, Plaintiff Lima argues that "generally, one would believe criminal prosecutions cannot be dismissed by private individuals." *Id.* at 6. Consequently, according to Plaintiff Lima, "Defendant fails to show how [Plaintiff Lima] can unilaterally control this criminal action or how its institution and proceeding from the criminal summons dated October 18, 2023 violates the parties' [Settlement Agreement from] nearly two years ago in this case." *Id.* In fact, Plaintiff Lima also argues that Defendant Lee's Motion is "chronically challenged," as the criminal summons against Defendant Lee was issued nearly 20 months after the Settlement Agreement (which itself required the dismissal with prejudice of any pending action against Defendant Lee in Brazil within 30 days therefrom). *Id.* at 6–7.

As to the purportedly fraudulent immigration application, Plaintiff Lima points out that "Defendant's own Motion shows that [Plaintiff Lima] hired an attorney to request that this third party's immigration application be denied. Yet, Defendant is evidently angry since the USCIS ultimately did not deny the employee's petition based on this individual directly contacting USCIS directly to resolve the item." *Id.* at 7. In any event, Plaintiff Lima notes that "the federal government apparently has already spoken on this issue since the USCIS did not reject the third-party's immigration application even after the Defendant and [Plaintiff Lima's] attorney reached out to the USCIS to alert them to the issue." *Id.* Accordingly, in sum, Plaintiff Lima argues that "[s]imilar to [his] level of control of a criminal case in Brazil, [Plaintiff Lima] is unable to dictate

or direct the USCIS' position on one of his former employee's immigration application[s] or [their] status in this Country." *Id.* at 8.

Finally, Plaintiff Lima argues that it is Defendant Lee herself who has breached the Settlement Agreement. *Id.* Despite Section 6 of the Settlement Agreement contemplating the dissolution of D4U USA Law Group LLC, Plaintiff notes that Defendant Lee "has continually used D4U [USA] Law Group [LLC] in social media and for business purposes." *Id.* Thus, Plaintiff Lima argues: "if the issue of whether [Plaintiff Lima] breached the Settlement Agreement will be entertained by this Court, [Plaintiff Lima] would seek the Court's evaluation of whether the Defendant is in breach of the same Agreement." *Id.* at 10.

C. <u>Defendant Lee's Reply [DE 130]</u>

First, with respect to Section 7 of the Settlement Agreement, Defendant Lee notes that Plaintiff Lima "mistakenly focuses upon whether the statements of which Lee complains in her Motion rise to the level of actionable defamation under Florida law." [DE 130 at 1]. To this end, rather than pursuing a claim for defamation, Defendant Lee states that she is seeking only to enforce the terms of the Settlement Agreement pursuant to the non-disparagement provision. *Id.* at 2. Thus, "[a]lthough said provision clearly encompasses defamatory statements, it is by its express terms not limited thereto and in no way obligates Lee to pursue a formal defamation tort claim for purposes of enforcement." *Id.*

In any event, Defendant Lee notes that Plaintiff Lima "neither denies nor refutes Lee's contention that Lima made the statements at issue as documented via the translated [Instagram] video transcript attached as exhibit 'A' to the Motion to Enforce." *Id.* at 3 (footnote omitted). Moreover, Defendant Lee notes that Plaintiff Lima fails to address several comments which were "obviously directed towards" Defendant Lee, and that Plaintiff Lima fails to address how those

statements "cannot reasonably be interpreted as disparaging or impairing Lee's reputation, goodwill or commercial interests." *Id.* And, Defendant Lee argues that Plaintiff Lima "makes a flimsy effort to obscure his non-compliance by tangentially referring to an unrelated jury verdict[.]" *Id.* Accordingly, Defendant Lee maintains that it is "beyond any reasonable dispute that the statements at issue were calculated to disparage Lee and impair her commercial interests[.]" *Id.* at 4 (footnote omitted).

Second, with respect to the Brazilian criminal proceeding, Defendant Lee argues that Plaintiff Lima "inaccurately suggests that, as a private citizen, he is incapable of dismissing a Brazilian criminal proceeding which remains pending against Lee, amongst other defendants." *Id.* at 5. In this regard, Defendant Lee points out that, "[d]irectly contrary to Lima's insistence otherwise, his request to the Brazilian court through counsel for an extension of time to establish valid international service upon Lee <u>instead reflects that he is actively pursuing the case against her and that he does in fact maintain control over the proceeding</u>." *Id.* at 5. Indeed, Defendant Lee also references exhibit "D" to the Motion to Enforce, "which consists of a translated screenshot of Lima's Instagram post in which he displays an Order by the Brazilian court indicating that the case against Lee and other defendants will proceed as a criminal action." *Id.* Defendant Lee maintains that this screenshot "clearly indicates that Lima 'managed to convince' the Brazilian court to ***modify the pending action into a criminal proceeding***." *Id.* at 6. Defendant Lee therefore argues Plaintiff Lima "ignored section 4 of the Settlement Agreement (obligating Lima to 'promptly file dismissals with prejudice of any pending action against Lee in Brazil') and actively took steps to convert the case into a criminal proceeding." *Id.* And, Defendant Lee argues that Plaintiff Lima "remains in flagrant breach of the Settlement Agreement" on account of the failure to dismiss the Brazilian criminal case. *Id.* at 7.

8

Third, Defendant Lee "vehemently" disagrees that the fraudulent I-140 petition is "unconnected to the Settlement Agreement." *Id.* at 7–8. On this matter, Defendant Lee initially notes that Section 6 of the Settlement Agreement contemplated the parties' express agreement that D4U USA Law Group LLC would be dissolved. *Id.* at 8. According to Defendant Lee, this dissolution was contemplated because Defendant Lee's "primary litigation objective was to extricate herself from her former partnership with Lima in order to prevent future professional damage and to mitigate that already sustained, all due to Lima's blatant disregard for the limitations imposed upon him under D.C. law as a non-lawyer member of a law firm." *Id.* at 9. Nonetheless, according to Defendant Lee, Plaintiff Lima

> totally disregarded these obligations by: a) sponsoring his employee Vanessa Caroline Rozalen Rangel's I-140 petition using D4U [USA] Law Group [LLC] as the qualifying employer, which petition was initiated during the pendency of this action in which Lima's unlicensed practice of law through D4U [USA] Law Group [LLC] was at issue; and b) failing or refusing to take corrective action with the USCIS after both Lee and attorney Shilpa Malik alerted USCIS to the fraud and asked that the petition be denied as a result.

*Id.* at 9. Thus, because Defendant Lee will remain "as the qualifying attorney, for a petition which fraudulently lists D4U [USA] Law Group [LLC] as the sponsoring employer under circumstances whereby Lee neither hired nor sponsored Ms. Rangel's petition[,]" Defendant Lee maintains that her reputation, goodwill, or commercial interests have been impaired pursuant to Section 7 of the Settlement Agreement. *See id.* at 10.

D. Plaintiff Lima's Supplemental Memorandum in Support of Opposition [DE 168][1]

During the first day of the two-day evidentiary hearing, the Court questioned Plaintiff Lima concerning his "breach before the breach" defense to Defendant Lee's Motion to Enforce

---

[1] Following the first day of the two-day evidentiary hearing, Plaintiff filed a Motion for Leave to File Supplemental Memorandum of Law [DE 166], which the Court subsequently granted. *See* DE 167. For organizational purposes, before discussing the evidentiary hearing itself, the Court will continue to summarize the parties' papers.

Settlement Agreement. In response, Plaintiff Lima filed a Memorandum of Law in Support of Opposition [DE 168] to provide supplemental briefing on the "breach before the breach" defense. *See* DE 168 at 1–2.

According to Plaintiff Lima, Section 6 of the Settlement Agreement required Defendant Lee—as the manager of D4U USA Law Group LLC—to dissolve the company. *Id.* at 2. In this regard, on August 24, 2022, Plaintiff Lima's counsel emailed Defendant Lee's counsel that Defendant Lee was in breach of the Settlement Agreement due to her failure to dissolve D4U USA Law Group LLC as required by the Settlement Agreement. *See* DE 189-7. However, Defendant Lee apparently did not dissolve the company until November 16, 2023, and Defendant Lee "continues to have social media, online scheduling pages and payment links connected to the company." [DE 168 at 2–3]. Plaintiff Lima therefore argues that Defendant Lee has committed a material breach of the Settlement Agreement, which excuses Plaintiff Lima's performance under the Settlement Agreement. *Id.* at 3. As stated by Plaintiff Lima, "under Florida law, having Defendant Lee commit[] the first breach of a material term of the [Settlement] Agreement allows the non-breaching party [here, Plaintiff Lima] to treat the breach as a discharge of his contractual liability." *Id.*

E. Defendant Lee's Response in Opposition to Supplemental Memorandum of Law [DE 171]

Defendant Lee begins by arguing that Plaintiff Lima is "[e]ager to deflect the Court's attention from his own, inarguable breaches of the Settlement Agreement . . . [and] pursues via the Memorandum arguments which the Court has already heard (and suggested to be unmeritorious at the hearing held on February 26, 2024)." [DE 171 at 2]. Defendant Lee maintains that the dissolution provision does not pertain to Defendant Lee alone based on the

clear and unambiguous language of the Settlement Agreement (which references that it is the *parties*' combined obligation to dissolve the company), and that the clear and unambiguous language of the Settlement Agreement permits Defendant Lee to continue using the name of the D4U USA Law Group LLC entity. *Id.* Moreover, Defendant Lee argues that, "[c]ontrary to Lima's 'first breach' argument, his own breaches (which Lima does not even attempt to refute) relate to provisions within the Settlement Agreement with which *he alone* is obligated to comply." *Id.* at 3.

### III.  THE TWO-DAY EVIDENTIARY HEARING

In order to resolve the factual disputes, and to assess the credibility of the witnesses and evidence, the Court set down an in-Court evidentiary hearing which ended up lasting two days.

#### A. Day One (February 26, 2024)

On February 26, 2024, during the first day of the two-day evidentiary hearing, the Court heard testimony from Hilton Tozetto, Defendant Lee, and Plaintiff Lima.

##### 1. Hilton Tozetto

The Court first heard testimony from Hilton Tozetto, a Brazilian attorney who has been practicing law for thirty years and specializes in criminal and family law. Mr. Tozetto testified via video deposition and generally testified as follows.[2]

Mr. Tozetto is familiar with court proceedings in Sao Paolo, Brazil, and in all national territory. Mr. Tozetto knows of Plaintiff Lima because Mr. Tozetto is the attorney of record for Daniel Carmargo Leite de Toledo, one of the defendants in a Brazilian criminal case brought by Plaintiff Lima. Defendant's Exhibit 2—entered into evidence without objection—contains a

---

[2] The video deposition of Mr. Tozetto was conventionally filed with the Court. *See* DE 155.

certified translation of the Criminal Complaint in that Brazilian Case.[3] Further, Defendant's Exhibit 3—also entered into evidence without objection—contains a screenshot of the docket of the Brazilian criminal case, which was also brought by Plaintiff Lima against Defendant Lee.

Notably, the screenshot of the docket demonstrates that the Brazilian criminal case remains pending and involves crimes of slander, defamation, and unfair competition.[4] Indeed, Mr. Tozetto testified that the Criminal Complaint contains allegations that both Mr. Toledo and Defendant Lee "are fully responsible for the crimes committed against the honor of Wagner Pontes and D4U, . . . [and] are the masterminds behind the crimes." [DE 182-1 at 84]. Moreover, as noted in Defendant's Exhibit 4,[5] Defendant's name appears in the Brazilian criminal case multiple times. And, as demonstrated by Defendant's Exhibit 7,[6] Plaintiff Lima has arranged for the issuance of letters rogatory with respect to Defendant Lee.

According to Mr. Tozetto, Plaintiff has the ability to dismiss the Brazilian criminal case at any time he desires before sentencing, with the dismissal process being "a question of minutes." This is because, in Brazil, a person can pay to bring a private criminal action. And in a private criminal action, a state prosecutor merely oversees the proceeding and supervises the case, acting like an inspector. However, while the role of the state prosecutor may be different, the consequences stemming from a private criminal action are the same as if the criminal action had in fact been filed by a state prosecutor. That is, if found guilty, a defendant may still face jail time. The Court finds that Mr. Tozetto was a very credible witness with extensive expertise in

---

[3] Defendant's Exhibit 2 is available at DE 182-1.
[4] Defendant's Exhibit 3 is available at DE 182-2.
[5] Defendant's Exhibit 4 was entered over objection from Plaintiff. The Court admitted the exhibit over objection and noted that it would determine what weight, if any, to give the exhibit. Exhibit 4 is available at DE 182-3.
[6] Defendant's Exhibit 7 was entered over a hearsay objection from Plaintiff. The Court admitted Exhibit 7 subject to further hearing testimony and stated that it would determine what weight, if any, to give the exhibit. Exhibit 7 is available at DE 182-6.

Brazilian law and the Court credits his testimony as it relates to the issues pending before this Court.

2.  Defendant Lee

i.      Direct Examination

Next, Defendant Lee testified. Defendant Lee is an attorney that practices law in Washington D.C. According to Defendant Lee, Plaintiff Lima violated Sections 4 and 7 of the confidential Settlement Agreement (which the Court entered into evidence without objection as Defendant's Exhibit 1).[7] With respect to Section 4, while Defendant Lee acknowledged that Plaintiff Lima dismissed his civil claim against her in Brazil, Defendant Lee stated that he failed to dismiss the Criminal Complaint, which was in fact filed while Plaintiff Lima and Defendant Lee were engaged in litigation before this Court. As to Section 7, Defendant Lee stated that Plaintiff Lima made posts and videos on his personal Instagram account in which he claimed he won against Defendant Lee in an action against other individuals in state court. While Defendant Lee testified that she was not specifically named, Defendant Lee stated that it was clear from the context that she was the one to whom Plaintiff Lima was referring.

Specifically, in an Instagram post by Plaintiff Lima—entered into evidence without objection as Defendant's Exhibit 6—Defendant Lee noted that Plaintiff Lima: (1) shows an image from the Brazilian criminal case (including Defendant Lee's name); and (2) states that he won several injunctions, thereby incorrectly implying that he won in some form against Defendant Lee.[8] Moreover, in a video posted by Plaintiff Lima to Instagram—which was played to the Court and entered into evidence without objection as Defendant's Exhibits 5 and 5.1—

---

[7] Defendant's Exhibit 1 is available at DE 128.
[8] Defendant's Exhibit 6 is available at DE 182-5.

Defendant Lee further noted that, while Plaintiff Lima stated he was not going to give names, he made it clear he was talking about Defendant Lee throughout the video (which was in excess of 35 minutes). In this regard, Defendant Lee pointed to a number of instances in the video where Plaintiff Lima referenced Defendant Lee and discussed the quality of her work.[9]

One such statement involved Plaintiff Lima stating he "won" in reference to his state court defamation case, while simultaneously displaying the Criminal Complaint in the Brazilian criminal case, thereby again implying that he won against Defendant Lee in some form. In fact, in a video posted by another individual to YouTube—entered into evidence over objection as Defendant's Exhibits 9 and 9.1—Defendant Lee testified that the YouTuber (@TIAGOSKOLUSA) was parroting Plaintiff Lima's statements almost verbatim.[10] More specifically, Defendant Lee noted that the YouTuber discussed Defendant Lee's partnership with Plaintiff Lima, and later mentioned the verdict in the state court case, without specifying that the state court case did not in fact involve Defendant Lee as a party. Defendant Lee is aware of others having seen the videos, testifying that Mr. Toledo saw one of the videos and shared said video with Defendant.

Turning then to Defendant Lee's partnership with Plaintiff Lima and D4U USA Law Group LLC, Defendant Lee entered Defendant's Exhibit 23—the Operating Agreement of D4U USA Law Group LLC—into evidence.[11] Under Section 2.2 of the Operating Agreement, Defendant Lee was to be the sole and exclusive manager of D4U USA Law Group LLC. Based on Defendant's Exhibits 21 and 22—the USCIS Form and the letter dated August 16, 2022 from

---

[9] Defendant's Exhibit 5 is a translation of the video, which is available at DE 182-4. Defendant's Exhibit 5.1 is a recording of the video, which was conventionally filed. *See* DE 155.

[10] Defendant's Exhibit 9 is a translation of the video, which is available at DE 182-7. Defendant's Exhibit 9.1 is a recording of the video, which was conventionally filed. *See* DE 155. A related exhibit, Defendant's Exhibit 8, was not admitted into evidence.

[11] Defendant's Exhibit 23 is available at DE 182-10.

attorney Shilpa Malik, Esq., respectively—Defendant Lee argued that Plaintiff Lima signed the USCIS Form without authority.[12]

ii.     Cross-Examination of Defendant Lee

On cross-examination, Plaintiff Lima's counsel questioned Defendant Lee concerning Defendant's Exhibit 1 (the Settlement Agreement). Pursuant to Section 6 of the Settlement Agreement, Defendant Lee acknowledged that she did not dissolve D4U USA Law Group LLC within 30 days. However, Defendant Lee maintained that the Settlement Agreement states the *parties*, and that, as soon as she found out D4U USA Law Group LLC had not been dissolved, she did so. While there was nothing precluding her from dissolving the company prior to November 2023 (when she ultimately dissolved the company), Defendant Lee stated she forgot about it because it was not important to her personally. However, Defendant Lee testified that she did not continue to use the D4U name and that, in any event, the Settlement Agreement contained a specific carve-out for "D4U USA Law Group LLC."[13] Defendant Lee also testified that no business had been conducted from the D4U USA Law Group LLC entity since 2020.

Plaintiff's counsel also questioned Defendant Lee concerning the defamation case in state court. With respect to Plaintiff's Exhibit 8—an email regarding "Milestone Reporting Invoice"— Defendant testified she was requesting Plaintiff Lima's deposition transcript from the state court

---

[12] Defendant's Exhibits 21 and 22 were entered into evidence, over objection. Defendant's Exhibit 21 is available at DE 182-8. Defendant's Exhibit 22 is available at DE 182-9. The Court stated it would determine what weight, if any, to give the exhibits.

[13] Plaintiff's Exhibits 2, 3, 4, 5, and 7 were entered into evidence, over objection. The Court stated it would determine what weight, if any, to give the exhibits. Plaintiff's Exhibit 2 is the d4uusalawgroup Instagram account. *See* DE 189-1. Plaintiff's Exhibit 3 is the d4uusalaw Threads account, which Defendant stated she did not know about. *See* DE 189-2. Plaintiff's Exhibit 4 is the D4U USA Law Group LLC booking policy, which Defendant stated she had to make so she could be contacted. *See* DE 189-3. Plaintiff's Exhibit 5 is the attorney consultation page, which Defendant stated she did not know about. *See* DE 189-4. Plaintiff's Exhibit 7 is a LinkedIn page, which references a new webpage for D4U USA Law Group LLC, which Defendant stated she created because Plaintiff stole her identity and took away her access to the website. *See* DE 189-5.

case for her own personal use. [14] To this end, Defendant Lee clarified that she was not paying for state court defendant Fany M. Fanani's legal costs but was instead simply paying for the deposition transcript. Moreover, Defendant Lee acknowledged that she was called by Fany M. Fanani in the state court case and that she voluntarily flew down to Palm Beach County to testify against Plaintiff. And while Defendant Lee acknowledged giving certain documents to Fany M. Fanani, Defendant Lee stated that the documents were provided *before* Defendant Lee entered into the Settlement Agreement with Plaintiff Lima.

Finally, Plaintiff Lima's counsel questioned Defendant Lee concerning Plaintiff's Exhibit 16—an August 24, 2022 cease and desist email from Plaintiff Lima's counsel to Defendant Lee's former counsel demanding that Defendant Lee dissolve D4U USA Law Group LLC.[15] Defendant Lee's former counsel responded that Defendant Lee would dissolve D4U USA Law Group LLC once Plaintiff Lima dismissed the Brazilian criminal case against Defendant Lee.

### iii.    Redirect of Defendant Lee

On redirect, Defendant Lee testified concerning several exhibits. First, as to Defendant's Exhibit 23, Defendant Lee testified that pursuant to paragraph 2.2 of the Operating Agreement, Plaintiff Lima also could have dissolved D4U USA Law Group LLC. As to Plaintiff's Exhibit 2, Defendant Lee stated that the Instagram page was created in 2020—that is, before the Settlement Agreement. With respect to Plaintiff's Exhibit 3, Defendant Lee stated she did not know what "Thread" is and that it was likely created by an IT company she had hired. As to Plaintiff's Exhibit 4, Defendant Lee did not recall being paid through Zelle, stated that the booking policy

---

[14] The Court stated that it would determine what weight, if any, to give Plaintiff's Exhibit 8. Plaintiff's Exhibit 8 is available at DE 189-6.
[15] The Court reserved ruling on Plaintiff's Exhibit 16. The Court will hereby admit Plaintiff's Exhibit 16 and will determine what weight, if any, to give the exhibit. Plaintiff's Exhibit 16 is available at DE 189-7.

was created in 2020, and that she has not done anything with it since. As to Plaintiff's Exhibit 5, Defendant Lee stated it was a safety net created because of the unlicensed practice of law complaint she filed against Plaintiff Lima. Stated differently, Defendant Lee did not want the public to associate D4U USA Law Group LLC with Plaintiff Lima's brand. And as to Plaintiff's Exhibit 7, Defendant Lee stated she has never used the LinkedIn account since its creation, and that it was created in 2020 for informational purposes.

    3.  <u>Plaintiff Lima</u>

Defendant Lee next called Plaintiff Lima to testify via videotaped deposition. In Plaintiff Lima's videotaped deposition, he testified that his company provides immigration services and that he does not consider himself a competitor of Defendant Lee. With respect to the Brazilian criminal case, Plaintiff Lee testified that it is impossible to remove just one person from a criminal case. In this regard, if Plaintiff Lima were to attempt to remove Defendant Lee from the criminal case, the whole case would be closed. Plaintiff Lima maintained that this would be problematic considering he brought the Brazilian lawsuit against not only Defendant Lee, but against multiple other defendants. And, Plaintiff Lima testified he could not sue the same individuals for the same crimes in a private criminal action in the future if he did so.

Plaintiff Lima additionally testified that, while he had dropped the civil case against Defendant Lee in Brazil as contemplated by the Settlement Agreement, the Brazilian criminal case remained pending. Although Plaintiff Lima was aware he needed to dismiss the Brazilian criminal case, he stated that if Defendant Lee stopped using the D4U brand, he would dismiss it. Indeed, Plaintiff Lima testified that he had not dismissed the case because Defendant Lee was using his brand, and that he also ultimately made the decision not to dismiss the Brazilian

criminal case against Defendant Lee because he did not want to dismiss the entire case and be precluded from filing suit against the other co-defendants in the future.

With respect to his former employee Vanessa and the purportedly fraudulent application, Plaintiff Lima testified that he sponsored her for an immigration visa and did not need Defendant's consent. Further, as to Plaintiff Lima's Instagram video, he stated that he never said he won the case against Defendant Lee—only that he won the case against YouTubers who were aided by Defendant Lee.

B. Day Two (March 15, 2024 Evidentiary Hearing Continuation)[16]

On March 15, 2024, during the second day of the two-day evidentiary hearing, the Court first admitted Plaintiff Lima's March 11, 2024 deposition into evidence as Plaintiff's Exhibit 1.[17] Following the admission of and publication of that deposition, Plaintiff Lima rested his case. The Court finds that Plaintiff Lima's testimony was not credible in large part and was often inconsistent with the other testimony and evidence presented.

Defendant Lee then presented her rebuttal case and testified once more. According to Defendant Lee, Plaintiff Lima signed as the manager for D4U USA Law Group LLC on the Florida Sunbiz website. And, Defendant Lee testified that her testimony in the state court trial involving Fany M. Fanani did not violate the Settlement Agreement, as she has not disparaged

---

[16] Prior to the continuation of the evidentiary hearing, the parties engaged in motion practice concerning Plaintiff Lima's ability to appear at the March 15, 2024 evidentiary hearing remotely. *See* DEs 156, 159, 161. The Court ultimately permitted Plaintiff Lima to utilize a videotaped deposition and a transcript of his deposition in lieu of live testimony at the March 15, 2024 continuation of the evidentiary hearing. [DE 165 at 5–6].

[17] Plaintiff Lima also sought to admit the transcript of Defendant Lee's October 19, 2023 testimony from the state court case, and the transcript of Fany M. Fanani's testimony from that case. However, Defendant Lee objected. The Court sustained Defendant Lee's objection and did not allow the two transcripts into evidence, as the Court did not find them relevant, and the Court did not want to allow trial by ambush. This was because the two transcripts were not ordered until after the exhibit list for the evidentiary hearing was filed. Therefore, they were not timely provided to Defendant Lee and were not timely listed on the Court-ordered witness list.

Plaintiff since the parties entered into a Settlement Agreement, and she in fact made it very clear that there was a Settlement Agreement in place during that state court trial.

During cross-examination, Defendant Lee testified that she was unaware D4U USA Law Group LLC had not been dissolved, as she did not conduct any business through the company. Further, Defendant Lee once again testified that she dissolved the company as soon as she realized that it had not been done, that the social media postings regarding D4U USA Law Group LLC were made in 2020, and that she had no new business or social media postings following the Settlement Agreement. And, according to Defendant Lee, she had never used the D4U brand outside of D4U USA Law Group LLC.

The Court finds that, after considering the entirety of Defendant Lee's testimony, Ms. Lee was credible in large part but was unnecessarily argumentative and evasive in part, especially when responding to questions from opposing counsel. This lessened her credibility somewhat; however, the Court does find that Ms. Lee was more credible than Mr. Lima.

## IV.   <u>FINDINGS AND RECOMMENDATIONS</u>

This Court has carefully reviewed the parties' papers, the arguments presented by the parties during the February 26, 2024 and March 15, 2024 evidentiary hearing, and the exhibits introduced during the two-day evidentiary hearing, as well as the entire docket in this case. The Court has also considered and determined the demeanor and credibility of each of the witnesses in reaching its findings and recommendations in this case as to the pending Motion to Enforce [DE 125]. In doing so, the Court finds and recommends as follows:

"District courts have inherent power to enforce settlement agreements." *Malvaes v. Constellation Brands, Inc.*, No. 14-21302-CIV, 2016 WL 4007332, at *2 (S.D. Fla. June 23, 2016). However, "[t]he construction and enforceability of a settlement agreement is governed by

state law." *Morris v. Bessemer City Bd. of Educ.*, No. 22-11988, 2024 WL 170994, at *2 (11th Cir. Jan. 16, 2024) (citing *Hayes v. Nat'l Serv. Indus.*, 196 F.3d 1252, 1254 (11th Cir. 1990)). "[S]ettlement agreements are favored in the law and will be enforced wherever possible." *Southernmost Marine Servs., Inc. v. One (1) 2000 Fifty Four Foot (54') Sea Ray named M/V POTENTIAL*, 250 F. Supp. 2d 1367, 1380 (S.D. Fla. 2003).

Further, settlement agreements "are governed by the law of contracts." *Spiegel v. H. Allen Holmes, Inc.*, 834 So. 2d 295, 297 (Fla. 4th DCA 2002). In this regard, "where the language of a contract is clear and unambiguous, the court can give it no meaning other than that expressed." *Nawaz v. Univ. Prop. & Cas. Ins. Co.*, 91 So. 3d 187, 188 (Fla. 4th DCA 2012) (quoting *Wellington Realty Co. v. ColorAll Techs. Int'l, Inc.*, 951 So. 2d 921, 922 (Fla. 4th DCA 2007) (alteration omitted)). "A motion to 'enforce the settlement agreement essentially is an action to specifically enforce a contract.'" *Gonzalez v. YoBlendz Int'l, LLC*, No. 15-61678-CIV, 2016 WL 7626268, at *2 (S.D. Fla. May 4, 2016) (quoting *Ford v. Citizens & S. Nat'l Bank, Cartersville*, 928 F.2d 1118, 1122 (11th Cir. 1991)). To this end, "[s]pecific performance may be granted only when: (1) the plaintiff is clearly entitled to it; (2) there is no adequate remedy at law; and (3) justice so requires it." *Id.* (citing *Invego Auto Parts, Inc. v. Rodriguez*, 34 So. 3d 103, 104 (Fla. 3d DCA 2010)).

In the instant case, Section 4 (dismissal of the Brazilian claims), Section 6 (dissolution of D4U USA Law Group LLC), Section 7 (the non-disparagement provision), and Section 14 (the attorneys' fees provision) of the Settlement Agreement are at issue. The Court will address each Section, in turn.

A. <u>Whether Plaintiff Lima Failed to Comply with Section 4</u>

The first issue to address is whether Plaintiff Lima failed to comply with Section 4 of the Settlement Agreement, which provides as follows:

> 4. <u>DISMISSAL OF CLAIMS IN BRAZIL AND ANY OTHER JURISDICTION</u>
>
> The Parties acknowledge and agree that Lima shall promptly file dismissals with prejudice of any pending action against Lee in Brazil and any other jurisdiction in the world within 30 days of the execution of the Settlement Agreement. Lima shall provide proof of filing the dismissal to Lee within 24 hours of said filing. Lima makes no promise or representation that any investigating entity or authority will cease its investigation as a result of Lima filing such dismissals, and Lima shall not be precluded from testifying truthfully if subpoenaed to do so. This dismissal provision shall not apply to any Bar proceedings.

[DE 128 at 2]. Stated differently, Section 4 provides that Plaintiff Lima was required to promptly dismiss *any* pending action against Defendant Lee in Brazil within 30 days of the execution of the Settlement Agreement.

During the evidentiary hearing, Brazilian attorney Hilton Tozetto credibly testified that Plaintiff Lima has the ability to dismiss the Brazilian criminal case in a matter of minutes. Moreover, Plaintiff Lima himself testified that the Brazilian criminal case remained pending and that, although he was aware of the case and could dismiss it, he did not do so for two reasons. First, because he would be required to dismiss the entire suit and would therefore be precluded from filing suit against the other co-defendants in the future. And second, because Defendant Lee was using his brand and he wanted Defendant Lee to stop using it before dismissing the criminal suit. In effect, Plaintiff Lima testified he was keeping the Brazilian action open against Defendant Lee in part for leverage.

It is clear that because the Brazilian criminal case was filed in June of 2021, *see* DE 182-1, there is no doubt whatsoever that Plaintiff Lima failed to comply with Section 4 of the

Settlement Agreement by not dismissing the Brazilian criminal case within 30 days of the execution of the Settlement Agreement. Plaintiff Lima's reasons for not doing so are meritless. The Undersigned therefore finds that Plaintiff Lima knowingly and willfully violated Section 4 of the Settlement Agreement.

Accordingly, the Undersigned United States Magistrate Judge hereby **FINDS AND RECOMMENDS** that the United States District Judge find that Plaintiff Lima has knowingly and willfully breached Section 4 of the Settlement Agreement by failing to timely dismiss the Brazilian criminal case.

B.   Whether Plaintiff Lima Has a Valid Defense Under Section 6

Plaintiff Lima has argued that relief should be denied to Defendant Lee because she allegedly violated Section 6 of the Settlement Agreement, which provides as follows:

6.   DISSOLUTION OF D4U LAW GROUP

The Parties acknowledge and agree that D4U [USA] Law Group [LLC] shall be dissolved under the laws of Washington D.C. within 30 days of the execution of the Settlement Agreement.

Except as it relates to D4U USA Law Group LLC, Lee agrees and acknowledges that, upon dissolution, she maintains no ownership or right to use any tradenames or intellectual property associated with the "D4U" brand, and its present or future related companies or derivatives, including without limitation, "D4U USA," "D4U Group," and "D4U Immigration."

[DE 128 at 3]. Under the plain and unambiguous language of the Settlement Agreement under Florida law, it was ***the parties*** that acknowledged and agreed that D4U USA Law Group LLC would be dissolved within 30 days of the execution of the Settlement Agreement. *See Nawaz*, 91 So. 3d at 188. Thus, the Undersigned wholly rejects Plaintiff Lima's argument concerning the defense of "breach before the breach," as it was not Defendant Lee's sole obligation to dissolve D4U USA Law Group LLC. Plaintiff Lima has no valid "breach before the breach" argument

22

here. Plaintiff Lima's position in this regard is meritless as the obligation was a joint obligation of the parties and not a unilateral obligation of Defendant Lee. The Undersigned also notes that, despite his arguments in response to the Motion to Enforce, Plaintiff Lima himself never filed a motion to enforce the Settlement Agreement with respect to Defendant Lee's purported breach. If Plaintiff Lima had real and legitimate concerns about this issue, he should have filed an appropriate motion. He did not do so. Therefore, not only is Plaintiff Lima's position in this regard meritless, he has also waived any affirmative relief on this issue.

Further, under the plain and unambiguous language of the Settlement Agreement, Defendant Lee clearly retained the rights to the D4U USA Law Group LLC name. Thus, Plaintiff Lima's evidence demonstrating that there are social media posts online linking Defendant Lee to the D4U USA Law Group LLC name is of no moment and does not demonstrate that Defendant Lee is in breach of the Settlement Agreement. The Undersigned therefore finds that Plaintiff Lima's argument concerning the "breach before the breach" is inapplicable and that Defendant Lee did not violate Section 6 of the Settlement Agreement.

Accordingly, the Undersigned United States Magistrate Judge hereby **FINDS AND RECOMMENDS** that the United States District Judge find that Plaintiff Lima's "breach before the breach" defense is inapplicable under the facts of this case, and find that Defendant Lee has not breached the terms of the Settlement Agreement pursuant to her failure to timely dissolve D4U USA Law Group LLC, or pursuant to the minimal online presence that remains linking her to the D4U USA Law Group LLC name.

C. Whether Plaintiff Lima Violated Section 7

Defendant Lee asserts that Plaintiff Lima violated Section 7 of the Settlement Agreement, which provides as follows:

23

7.    <u>NON-DISPARAGEMENT</u>

Lima, effective upon receipt of the full settlement amount, <u>agrees that he shall not at any time engage in any form of conduct, or make any statements or representations, whether in writing or orally, that disparage, defame, or otherwise impair the reputation, goodwill, or commercial interests of Lee</u> or her agents, successors, and assigns or theirpredecessors [sic], successors, assigns, agents, attorneys, and representatives, principals, managers, shareholders, officers, directors, heirs, executors, administrators, personal representatives and beneficiaries. Notwithstanding this paragraph, no term of the Settlement Agreement shall be construed to prohibit Lima and his respective successors, agents, attorneys, representatives, principals, managers, employees, shareholders, officers, and directors from testifying fully and truthfully in any legal proceeding and any related discussions with any government agency or tribunal.

Lee, effective upon receipt of the full settlement amount, agrees that she shall not at any time engage in any form of conduct, or make any statements or representations, whether in writing or orally, that disparage, defame, or otherwise impair the reputation, goodwill, or commercial interests of Lima or his agents, successors, and assigns or theirpredecessors [sic], successors, assigns, agents, attorneys, and representatives, principals, managers, shareholders, officers, directors, heirs, executors, administrators, personal representatives and beneficiaries. Notwithstanding this paragraph, no term of the Settlement Agreement shall be construed to prohibit Lee and her respective successors, agents, attorneys, representatives, principals, managers, employees, shareholders, officers, and directors from testifying fully and truthfully on any legal proceeding and any related discussions with any government agency or tribunal.

[DE 128 at 3] (emphasis added).

Here, based upon the testimony and evidence presented, it is clear to the Undersigned that Plaintiff Lima has knowingly and willfully violated the non-disparagement provision of the Settlement Agreement. Specifically, in the Instagram video entered into evidence as Defendant's Exhibit 5, although Plaintiff Lima did not specifically state Defendant Lee's name, it is abundantly clear that he is referring to Defendant Lee. For example, as stated by Plaintiff Lima: "For a non-lawyer, which is my case, to own a Law Firm, you need to have a lawyer as a partner. This lady was my partner for that reason alone. She never invested a dollar in D4U, she never brought in a single client in two years to D4U, and so on." [DE 182-4 at 9]. Further, "two years after doing a horrible, horrible work within D4U, [s]he wasn't present, in two years, she came

24

here, if I'm not mistaken, twice, from DC to Florida." *Id.* And, "[s]o this lady, due to her partner status, started to mistreat some employees." *Id.* at 10. These statements (among others) clearly "disparage, defame, or otherwise impair the reputation, goodwill, or commercial interests of Lee." [DE 128 at 3]. Moreover, the Undersigned notes that, in the Instagram video, when Plaintiff Lima discussed the state court case, he displayed the Brazilian criminal case with Defendant Lee's name clearly visible. This shows a clear intent by Plaintiff Lima to hold Defendant Lee in a false light in the eyes of the public. This also shows a clear intent by Plaintiff Lima to disparage, defame, and harm the reputation of Defendant Lee. It also implies that Defendant Lee was found guilty of a criminal violation.

Further, in the Instagram posting entered into evidence as Defendant's Exhibit 6,[18] Plaintiff Lima displayed an image from the Brazilian criminal case—with Defendant Lee's name clearly visible—stating that he had won several injunctions in connection therewith and that the case was no longer "just" a civil case, but also criminal. This further shows a clear intent by Plaintiff Lima to disparage, defame, and harm the reputation of Lee. The Undersigned therefore easily finds Plaintiff Lima has knowingly and willfully violated Section 7 of the Settlement Agreement.

---

[18] The translation of that posting is as follows:

> IN BRAZIL THE PROCEEDING WAS ALREADY PROGRESSING VERY WELL! INCLUSIVELY, WE WON SEVERAL INJUNCTIONS FORCING YOUTUBERS TO REMOVE SEVERAL OF THESE VIDEOS FROM THE AIR.
>
> BUT LAST WEEK, WE HAD ONE MORE WIN!! WE MANAGED TO CONVINCE THE JUDGE, THROUGH ROBUST EVIDENCE, THAT IT IS NOT JUST A CIVIL ISSUE ANYMORE, BUT ALSO CRIMINAL. SINCE IT HAS BECOME EVIDENCE THE FORMATION OF THIS CRIMINAL ORGANIZATION, AND, THEREFORE, THE PROCEEDING WILL NOW PROCEED IN THE CRIMINAL SPHERE[.]

[DE 182-5 at 2–3].

However, to the extent Defendant Lee argues that third parties acted at Plaintiff Lima's behest, *see* DE 125 at 4, there was insufficient evidence presented as to this allegation and the Undersigned declines to find that Plaintiff Lima specifically directed third parties to disparage Defendant Lee. Moreover, to the extent Defendant Lee argues that Plaintiff Lima violated Section 7 through the filing of a fraudulent application, the Undersigned declines to find such because there was insufficient evidence presented on this allegation. On this matter, the Undersigned notes that Defendant Lee is seeking the remedy of specific performance, and that Defendant Lee has already notified the USCIS about the fraudulent application. And, the Undersigned has also already found Plaintiff Lima in violation of Section 7 of the Settlement Agreement. Those additional allegations are therefore superfluous.

Accordingly, the Undersigned United States Magistrate Judge hereby **FINDS AND RECOMMENDS** that the United States District Judge find that Plaintiff Lima has knowingly and willfully violated Section 7 of the Settlement Agreement based on the public posting of his Instagram video and other postings, which were disparaging, defaming, and harming to the reputation of Defendant Lee.

D.  <u>Whether Defendant Lee is Entitled to Specific Performance</u>

Before proceeding to an analysis of Section 14 of the Settlement Agreement, the Undersigned finds that Defendant Lee's request for specific performance pursuant to Plaintiff Lima's violations of Sections 4 and 7 of the Settlement Agreement is appropriate in this case. As stated earlier, "[s]pecific performance may be granted only when: (1) the plaintiff is clearly entitled to it; (2) there is no adequate remedy at law; and (3) justice so requires it." *Gonzalez*, 2016 WL 7626268, at *2. The Undersigned finds that the disparagement, defamation, and character assault by Plaintiff Lima of Defendant Lee is incalculable monetarily and that there is

no other adequate remedy at law.  And with respect to dismissal of the Brazilian criminal proceeding, the Undersigned also finds that there is no other adequate remedy at law. Moreover, the Undersigned finds that Defendant Lee is clearly entitled to specific performance and that justice requires it.

Accordingly, the Undersigned United States Magistrate Judge hereby **FINDS AND RECOMMENDS** that the United States District Judge find that Defendant Lee is entitled to the requested specific performance pertinent to Sections 4 and 7 of the Settlement Agreement; that is, for Plaintiff Lima to fully, completely, and immediately dismiss the Brazilian case pursuant to Section 4 of the Settlement Agreement, and for Plaintiff Lima to issue a public retraction of all disparaging remarks concerning Defendant Lee on Instagram and any other social media platforms he utilized, pursuant to Section 7 of the Settlement Agreement.

    E.   <u>Whether an Award of Attorneys' Fees and Costs is Appropriate Under Section 14</u>

Defendant Lee seeks an award of attorney's fees and costs per Section 14 of the Settlement Agreement, which provides as follows:

> 14.   <u>ATTORNEYS' FEES AND COSTS</u>
>
> Each Party will bear his or her own costs, expenses, and claims to interest and attorneys' fees incurred in or arising out of, or in any way connected with the pending action or which are otherwise related to the subject of this Settlement Agreement. <u>However, in the event of any dispute between the Parties concerning the terms and provisions of this Settlement Agreement, the Party prevailing in such dispute or action to enforce this Settlement Agreement shall be entitled to collect from the other Party all costs incurred in such dispute or action, including reasonable attorneys' fees and costs.</u> Furthermore, in the event that Lee has to enforce the Confession of Judgment, she shall be entitled to collect from Lima all costs incurred in such enforcement, including reasonable attorneys' fees and costs.

[DE 128 at 5] (emphasis added).

Here, Defendant Lee was required to file a motion to enforce the Settlement Agreement due to Plaintiff Lima's actions. Defendant Lee has prevailed in material and substantial part in this dispute concerning the terms and provisions of the Settlement Agreement. Pursuant to the plain and unambiguous language of the Settlement Agreement, the Undersigned finds that Defendant Lee is entitled to collect from Plaintiff Lima "all costs incurred" in connection with the Motion to Enforce, "including reasonable attorneys' fees and costs." *Id.*

Accordingly, the Undersigned United States Magistrate Judge hereby **FINDS AND RECOMMENDS** that the United States District Judge find that Defendant Lee is entitled to her reasonable attorneys' fees and costs incurred in connection with the Motion to Enforce and **RECOMMENDS** that the United States District Judge set a briefing schedule to determine the reasonableness and amount of attorneys' fees and costs and/or refer the matter to the Undersigned for the setting of a briefing schedule and determination of a reasonable award of attorneys' fees and costs.

## V. <u>CONCLUSION</u>

In light of the foregoing, the Undersigned United States Magistrate Judge **RECOMMENDS** that the United States District Judge enter an Order GRANTING IN PART and DENYING IN PART Defendant Lee's Motion to Enforce [DE 125]. Specifically, the Undersigned United States Magistrate Judge **RECOMMENDS** that the United States District Judge GRANT the Motion to Enforce as follows:

(1) find that Plaintiff Lima has knowingly and willfully breached Section 4 of the Settlement Agreement by failing to timely and fully dismiss the Brazilian criminal case;

(2) find that Plaintiff Lima's "breach before the breach" defense is inapplicable under the facts of this case, and find that Defendant Lee has not breached the terms of the Settlement

Agreement pursuant to her failure to timely dissolve D4U USA Law Group LLC, or pursuant to the minimal online presence that remains linking her to the D4U USA Law Group LLC name;

(3) find that Plaintiff Lima has violated Section 7 of the Settlement Agreement based on the public posting of his Instagram video and his other postings, which were disparaging, defaming, and harming to the reputation of Defendant Lee;

(4) find that Defendant Lee is entitled to the requested specific performance pertinent to Sections 4 and 7 of the Settlement Agreement; that is, for Plaintiff Lima to immediately dismiss in full the Brazilian criminal case against Defendant Lima pursuant to Section 4 of the Settlement Agreement, and for Plaintiff Lima to issue a retraction of all disparaging remarks concerning Defendant Lee on Instagram and any other social media platforms he utilized, pursuant to Section 7 of the Settlement Agreement; and

(5) find that Defendant Lee is entitled to attorneys' fees and costs in connection with the Motion to Enforce and set a briefing schedule to determine the reasonableness and amount of attorneys' fees and costs and/or refer the matter to the Undersigned for the setting of a briefing schedule and determination of a reasonable award of attorneys' fees and costs.[19]

The Undersigned United States Magistrate Judge further **RECOMMENDS** that the United States District Judge DENY the balance of the Motion.

---

[19] The Undersigned notes that, following the conclusion of the evidentiary hearing: (1) Plaintiff Lima filed a Notice of Voluntary Dismissal of Brazilian Criminal Action [DE 195]; (2) Defendant Lee filed a Response to Notice of Voluntary Dismissal of Brazilian Criminal Action [DE 198]; (3) Plaintiff Lima filed a Reply [DE 199] to that response; and (4) Defendant Lee essentially filed an improper sur-reply at DE 200. Essentially, the parties are disputing how to properly dismiss the Brazilian criminal case. The Undersigned declines to address the matter at this time. Should Plaintiff Lima fail to adequately and fully dismiss the Brazilian criminal case after Judge Singhal rules on the Motion to Enforce, Defendant Lee is free to file, after good faith conferral with opposing counsel, an additional motion to enforce or for contempt.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Raag Singhal. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 31st day of May, 2024.

WILLIAM MATTHEWMAN
United States Magistrate Judge

30