UNITED STATES DISTRICTCOURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-82399-CIV-SINGHAL/MATTHEWMAN

WAGNER PONTES LIMA, individually,
and derivatively on behalf of D4U USA LAW
GROUP, LLC,

    Plaintiffs/Counter-Defendants,

v.

Y. KRIS LEE,

    Defendant/Counter-Claimant.
_____/

Y. KRIS LEE,

    Third-Party Plaintiff,

v.

D4U USA LAW FIRM, LLC and D4U
USA CONSULTING LLC,

    Third-Party Defendants.
_____/

FILED BY _____SW_____ D.C.

Aug 19, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON Y. KRIS LEE'S ATTORNEYS' FEES AND COSTS IN CONNECTION WITH LEE'S MOTION TO ENFORCE SETTLEMENT AGREEMENT [DE 125]

**THIS CAUSE** is before the Court upon the following: (1) the Court's Order Setting Briefing Schedule on Attorneys' Fees and Costs in Connection with Motion to Enforce [DE 208]; (2) Defendant/Counter-Claimant/Third-Party Plaintiff Y. Kris Lee's ("Defendant," "Defendant Lee," or "Lee") Corrected Affidavit of Eduardo I. Rasco [DE 210]; (3) Plaintiff/Counter-Defendant Wagner Pontes Lima's ("Plaintiff," "Plaintiff Lima," or "Lima") Objection to Defendant's Fee Claim & Corrected Affidavit of Eduardo I. Rasco [DE 212]; and

(4) Defendant Lee's Reply to Plaintiff's Objection to Defendant's Fee Claim & Corrected Affidavit of Eduardo I. Rasco [DE 213]. Thus, the matter is now ripe for review.

The determination of a reasonable attorneys' fees and costs amount in connection with Defendant Lee's Motion to Enforce [DE 125] was referred to the Undersigned United States Magistrate Judge for a report and recommendation by the Honorable Raag Singhal, United States District Judge. *See* DE 207. For the reasons that follow, the Undersigned Magistrate Judge **RECOMMENDS** that the District Judge award Defendant Lee a total of $49,420.00 in attorneys' fees, and $10,843.37 in costs.

## I. BACKGROUND

Previously, following the filing of Plaintiff/Counter-Defendant Wagner Pontes Lima, Defendant/Counter-Claimant/Third-Party Plaintiff Y. Kris Lee, and Third-Party Defendants D4U USA Law Firm LLC and D4U USA Consulting LLC's ("the parties") Joint Stipulation of Dismissal with Prejudice [DE 119], the Court issued an Order of Dismissal with Prejudice ("Dismissal Order") [DE 120]. Within the Court's Dismissal Order, the Court dismissed this action with prejudice, "retain[ing] jurisdiction to enforce the terms of the parties' settlement agreement, dated March 9, 2022." [DE 120 at 1].

Thereafter, Defendant Lee filed a Motion to Enforce Settlement Agreement ("Motion to Enforce") [DE 125], arguing that Plaintiff Lima breached the Settlement Agreement and Release. Thus, Defendant Lee sought enforcement of the Settlement Agreement and Release, which is available on the docket at DE 128.

On May 31, 2024, the Undersigned entered a Report and Recommendation on Motion to Enforce Settlement Agreement [DE 201], recommending that Judge Singhal grant in part and deny in part the Motion to Enforce. Judge Singhal subsequently entered an Order Adopting

2

Magistrate Judge's Report and Recommendation ("Order Adopting R&R") [DE 207]. In the Order Adopting R&R, Judge Singhal granted the Motion to Enforce "to the extent it request[ed] attorneys' fees and costs in connection with the Motion to Enforce." [DE 207 at 3]. In this regard, Judge Singhal referred the matter to the Undersigned "to set a briefing schedule and to determine the reasonableness and amount of attorneys' fees and costs due Defendant Lee." *Id.*

Accordingly, on July 12, 2024, the Undersigned entered an Order Setting Briefing Schedule on Attorneys' Fees and Costs in Connection with Motion to Enforce [DE 208]. Specifically, the Undersigned required Defendant Lee to "file an affidavit or declaration of reasonable costs and attorneys' fees, including the hours claimed and the hourly rate sought, as well as the billing logs for each biller and a statement concerning the billers' qualifications and/or experience." [DE 208 at 2]. The Undersigned also required Plaintiff Lima to "respond and state any objections he wishes to assert as to the amount of costs and attorneys' fees claimed by Defendant Lee, as well as any objections to the time sought or hourly rate claimed." *Id.* at 2. The Undersigned also permitted Defendant Lee to file a reply and noted that "[t]he Court will then enter a further Order or Report and Recommendation as to the amount awarded." *Id.* at 32–3

## II. AFFIDAVIT, OBJECTION, AND REPLY

A. Defendant Lee's Corrected Affidavit of Eduardo I. Rasco [DE 210]

In the Corrected Affidavit of Eduardo I. Rasco [DE 210], attorney Eduardo Rasco attests that he is a "practicing attorney licensed by the Florida Bar since 1987 and [is a] managing partner of Rosenthal Rosenthal Rasco LLC[,]" and lead counsel for Defendant Lee in this litigation. [DE 210 at 2]. Mr. Rasco further attests that his hourly rate is $600.00, and that he expended 74.3 hours representing Defendant Lee in matters pertaining to the Motion to Enforce. *See id.* Additionally, Mr. Rasco states that attorney Steve M. Bimston—an attorney with

3

approximately twenty-four years of experience—worked 84.8 hours on this matter at an hourly rate of $375.00, and that Oskar M. Serbin—a recent graduate taking the Florida Bar exam in July 2024—worked one hour on this matter at an hourly rate of $250.00. *Id.*

And finally, Mr. Rasco states that Exhibit 1 "is an itemized billing statement including fees and costs, for services provided by Rosenthal Rosenthal Rasco, LLC to [Defendant Lee] . . . regarding this action, which fees total $76,630.00 and costs totaling $10,843.37." *Id.* According to Mr. Rasco, Defendant Lee "has thus far incurred a total of $87,473.73 in attorneys' fees and costs coupled with an anticipated additional four (4) hours of time at $375.00/hour to pursue a fee and cost award within this matter for a grand total of $88,973.37 for which recovery is sought against" Plaintiff Lima. *Id.* at 2–3.

   B.  <u>Plaintiff Lima's Objection to Corrected Affidavit [DE 212]</u>

Plaintiff Lima objects "on the basis that the rate alleged and hours spent are too high and, as such, a reduced reasonable rate and amount of hours should be determined by this Court." [DE 212 at 2]. Specifically, first, Plaintiff Lima argues that "[i]n the present case, the hourly rate charged by Defendant[ Lee's] counsel was unreasonable given the prevailing market rate and the requisite skill level necessary for the claims present in this litigation." *Id.* at 3. Indeed, according to Plaintiff Lima, "this case deals with relatively common issues (*i.e.*, enforcement of a settlement agreement) that would not warrant such high rates, especially in light of the fact that there are competent attorneys in the area who could perform the same job and charge a much lower rate." *Id.* Thus, Plaintiff Lima requests that the Court determine a reasonable hourly rate to be $450.00 for Mr. Rasco, instead of $600.00. *Id.* at 4.

Second, Plaintiff Lima argues that "the hours charged by Defendant[ Lee's] counsel were unreasonable given the simplicity of the claims presented in this litigation." *Id.* As stated by

4

Plaintiff Lima, the "evidentiary hearing that occurred over 1 ½ days resulted from a single Motion to Compel enforcement of the Settlement" and "did not involve particularly novel legal issues or difficult questions." *Id.* Moreover, "Defendant[ Lee's] presentation of issues was overcomplicated and diverted to matters in which the Defendant did not prevail[.]" *Id.* at 5.

Further (and more specifically), Plaintiff Lima argues that "Defendant[ Lee's] counsel spent excessive time on tasks and conducts block billing in some scenarios such as the drafting of simple motions." *Id.* Moreover,

> Defendant[ Lee's] counsel claims 13 hours for a ten-page response in opposition, which contains a significant amount of block quotations. *See DE 210* at 5. Defendant[ Lee's] counsel continually bills for reviewing the same files. *See DE 210* at 5. Defendant[ Lee's] counsel groups their billings by describing multiple tasks in one block entry. *See DE 210* Exhibit 1. Defendant[ Lee's] counsel billed 1.6 hours for the drafting of affidavit DE 210, which contained approximately 1 substantive page of writing. *See DE 210*. And Defendant[ Lee's] counsel double bills for certain items. *See DE 210* at 6 (date 2/16/2024, billing twice for the same zoom meeting). Additionally, there are tasks which could have been delegated to other less experienced attorneys or paraprofessionals, such as reviews of video depositions, organization of exhibits, and highlighting documents, which Defendant[ Lee's] counsel charges at the rate of the law firm's managing partner, Eduardo I. Rasco. *See DE 210* at 6. There is even billing for administrative tasks such as drafting Notices for depositions and "observing meetings." Lastly, there is billing identified as "(NO CHARGE)", but there is a discrepancy between the amount of non-billable time calculated in the provided billing sheet which was not charged to the client, and the "(NO CHARGE)" billings.

*Id.* at 6. Thus, Plaintiff Lima requests "this Court to find Defendant[ Lee's] counsel has spent 37.2 hours for Eduardo I. Rasco, [and] 42.4 hours for Steve M. Bimston, totaling 79.6 hours." *Id.* Indeed, Plaintiff Lima notes that his counsel "incurred less than $25,000 in fees and costs pertaining to the exact same motion practice, depositions and time in court." *Id.*

Overall, accounting for: (1) the requested 37.2 hours for Mr. Rasco at the requested hourly rate of $450.00; (2) the requested 42.4 hours for Mr. Bimston at the hourly rate of $375.00 (which Plaintiff Lima does not object to), and the $10,843.37 in costs (which Plaintiff

5

Lima also does not object to), Plaintiff Lima "believes that **$43,483.37** is a reasonable amount that is consistent with the *Rowe* factors and in light of the simplicity of the claims presented in this matter."[1] *Id.* at 7.

C. Defendant Lee's Reply [DE 213]

First, Defendant Lee argues that Plaintiff Lima has waived any challenges to the hourly rates or the reasonableness of the hours charged because Plaintiff Lima failed to comply with Local Rule 7.3(a). Indeed, Defendant Lee argues that Plaintiff Lima "neither cites to pertinent legal authority to support his challenges to the reasonableness of the hours charged, nor does he submit an affidavit of his counsel detailing counsel's hourly rates charged for this matter." [DE 213 at 1–2].

Second, Defendant Lee argues that counsel's "hourly rate is reasonable and consistent with the prevailing rates charged within the South Florida legal market." *Id.* at 2. In fact, Defendant Lee argues that "[w]ithin this District, . . . various divisions of this Court recently acknowledged that prevailing hourly rates have been trending upwards." *Id.* at 3. And, Defendant Lee argues that "various other cases arising out of the Southern District have involved fee awards in which the presiding Courts approved hourly rates equivalent to, or higher than, those sought by undersigned counsel within the case at bar." *Id.* Thus, Defendant Lee "maintains that within the Southern District of Florida in calendar year 2024, an hourly rate of $600 charged by an attorney with thirty-seven (37) years of experience is well within the boundaries of reasonableness." *Id.* at 4.

Third, Defendant Lee argues that the amount of hours incurred by counsel is reasonable. *Id.* Regardless of the simplicity of the claims litigated, Defendant Lee argues "the fact remains

---

[1] Plaintiff Lima does not address the single hour for Oskar M. Serbin.

that Lima engaged his attorneys to oppose ***every aspect*** of Lee's position under circumstances in which such opposition was entirely frivolous and bereft of the necessary legal or factual support." *Id.* at 5. In this regard, Defendant Lee notes that Plaintiff Lima's arguments "necessitated significant time and effort . . . for purposes of rebutting Lima's flawed position(s)." *Id.* at 6. As noted by Defendant Lee, the number of hours spent by counsel is "a problem of Plaintiff's own making." *Id.* at 7.

And finally, Defendant Lee argues that Plaintiff Lima's objections to specific time entries are "largely unmeritorious." *Id.* Specifically, Defendant Lee argues that, "[w]ith the exception of Lima's reference to double billing for the same Zoom conference on February 16, 2024 (Opposition at p.6) – a point which Lee concedes and for which a double recovery is not sought – the remainder of Lima's objections are invalid and legally unsupported." *Id.* Indeed, Defendant Lee notes that, although Plaintiff Lima "asserts that a total of 13.1 hours were 'no charged,' the billing records attached to Mr. Rasco's affidavit instead reflect the correct total of 9.6 hours that were deducted." *Id.* at 8.

### III. <u>ANALYSIS</u>

The Court has already found that Defendant Lee is entitled to attorneys' fees and costs. [DE 207 at 3]. All that remains is the determination of a reasonable amount of attorneys' fees and costs.

As a preliminary matter, however, the Undersigned will first address Defendant Lee's argument that Plaintiff Lima has waived any challenge to the hourly rates or the reasonableness of the hours charged. The Undersigned will then turn to the determination of a proper attorneys' fees and costs amount.

A. Local Rule 7.3(a)

Southern District of Florida Local Rule 7.3(a) provides in pertinent part as follows:

> Within fourteen (14) days after service of the motion, the respondent shall describe with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, *and shall provide supporting legal authority. If a party objects to an hourly rate, its counsel must submit an affidavit* giving its firm's hourly rates for the matter and include any contingency, partial contingency, or other arrangements that could change the effective hourly rate.

S.D. Fla. L.R. 7.3(a) (emphasis added).

Here, there is no question that Plaintiff Lima has failed to provide supporting legal authority to his specific objections, and that Plaintiff Lima has also failed to file an affidavit giving his firm's hourly rates. However, the Court will still fulfill its independent duty to only award attorneys' fees and costs which are reasonable, lawful, and justified under federal law. *See Ramirez v. Rosalia's, Inc.*, No. 20-cv-23720, 2023 WL 3930726, at *3 n.2 (S.D. Fla. June 9, 2023) (noting that, "[e]ven if Defendants had waived their right to objected to the requested hourly rates [under S.D. Fla. L.R. 7.3(a)], such a waiver would not discharge the Court of its duty to determine the reasonableness of the requested rates").

Simply stated, the Court does not wish to put form over substance and will exercise its "discretion to excuse limited non-compliance with the Local Rules." *See Century Sur. Co. v. All Am. Lube of Boca, Inc.*, No. 21-CV-81935, 2023 WL 4972923, at *6 (S.D. Fla. June 1, 2023) ("[A]lthough strict compliance with the Local Rules is preferred, the Court has the discretion to excuse limited non-compliance with the Local Rules."). Thus, the Court will consider Plaintiff Lima's objections in exercising its independent duty.

B. <u>Reasonable Attorneys' Fees Amount</u>

A reasonable attorneys' fee award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (*quoting Blum v. Stenson*, 465 U.S. 886, 888 (1994)). This "lodestar" may then be adjusted for the results obtained by the attorney. *See id.* at 427 (citing *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)). "In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 1350 n.2 (citation omitted). However, the Court may also use its own experience in assessing the reasonableness of attorneys' fees. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999).

The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (*quoting Norman*, 836 F.2d at 1299)). The fee applicant bears the burden of establishing the claimed market rate. *See id.* at 427. With regard to the type

9

of evidence that the fee claimant should produce in support of a claim, in *Barnes*, the Eleventh Circuit has stated that

> [t]he "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d at 1303. That burden includes "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity . . . . A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case." *Id.* (citations omitted).

*Id.* at 427.

In submitting a request for attorneys' fees, fee applicants are required to exercise "billing judgment." *Id.* at 428 (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). If fee applicants do not exclude "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*," the court must exercise billing judgment for them. *See id.* (quoting *Norman*, 836 F.2d at 1301). The burden rests on the movant to submit a comprehensive request for fees so the court can determine how much time was reasonably expended. *Loranger*, 10 F.3d at 782. "But trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So, trial courts may take into account their overall sense of a suit and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

1. Reasonable Hourly Rate

The Court must determine the reasonable hourly rates for attorneys Eduardo I. Rasco, Esq. and Steve M. Bimston, Esq., and recent law school graduate Oskar M. Serbin.

a. Eduardo I. Rasco, Esq.

Mr. Rasco is an attorney with roughly thirty-seven years of experience. [DE 210 at 2]. Having considered the information contained in the Affidavit [DE 210], and the *Johnson* factors, and based upon the Undersigned's own knowledge and experience, the Undersigned concludes that Mr. Rasco's $600.00 hourly rate should be reduced to $500.00, which the Undersigned finds to be reasonable in this case. *See Centennial Bank v. M/V "Why Not"*, No. 22-CV-22883, 2024 WL 3072041, at *5 (S.D. Fla. Mar. 6, 2024), *report and recommendation adopted sub nom. Centennial Bank v. M/V Why Not*, No. 22-22883-CIV, 2024 WL 3070755 (S.D. Fla. June 20, 2024) (reducing the billable rate of an attorney with over 30 years to $450); *Alma-Mater Collections, Inc. v. Crossroads Fin., LLC*, No. 15-CIV-81095, 202 WL 9064645, at *5 (S.D. Fla. Nov. 30, 2023), *report and recommendation adopted*, No. 15-81095-CIV, 2024 WL 36137 (Jan. 3, 2024) (finding a $450.00 hourly rate reasonable for counsel with over 31 years of experience).

b. Steve M. Bimston, Esq.

Mr. Bimston is an attorney with roughly twenty-four years of experience. [DE 210 at 2 n.2]. Having considered the information contained in the Affidavit [DE 210], and the *Johnson* factors, and based upon the Undersigned's own knowledge and experience, the Undersigned concludes that Mr. Bimston's $375.00 hourly rate is reasonable and appropriate in this case. Indeed, Plaintiff Lima concedes that Mr. Bimston's $375.00 hourly rate is reasonable. [DE 212 at 7]. *See Tropical Paradise Resorts, LLC v. JBSHBM, LLC*, No. 18-CV-60912, 2021 WL 2269822, at *9 (S.D. Fla. Apr. 30, 2021), *report and recommendation adopted*, No. 18-cv-

60912, 2021 WL 2024424 (S.D. Fla. May 21, 2021) (finding that failure to object to the reasonableness of the amount requested resulted in waiver of objection as to the reasonableness of the claimed fees).

      c. Oskar M. Serbin

Mr. Serbin recently graduated law school and was expected to take the July 2024 Florida Bar examination. Having considered the information contained in the Affidavit [DE 210], and the *Johnson* factors, and based upon the Undersigned's own knowledge and experience, the Undersigned concludes that Mr. Serbin's $250.00 hourly rate is excessive and should be reduced to $150.00, which the Undersigned finds to be reasonable in this case. *See United States v. Habana Hosp. Pharmacy, Inc.*, No. 17-cv-80871, 2023 WL 5611906, at *9 (S.D. Fla. Aug. 7, 2023), *report and recommendation adopted*, No. 17-80871-CIV, 2023 WL 5608004 (S.D. Fla. Aug. 30, 2023) (finding a $150.00 hourly rate appropriate for the work of an attorney that was not admitted to The Florida Bar at the time).

    2. Number of Hours Reasonably Expended

Next, the Court must determine whether the hours billed were reasonable. The Court has independently reviewed Defendant Lee's counsel's billing records—as well as the specific objections lodged by Plaintiff Lima—to determine if the hours claimed are reasonable and if the time spent falls within the scope of recoverable tasks. In doing so, the Court has determined a number of deficiencies in the billing entries—specifically, billing for the same task, block billing, and unnecessary or excessive billing.

      a. Billing for the Same Task

As an initial matter, the Court notes there are instances of attorneys billing for the same task. The Eleventh Circuit recognizes that "[t]here is nothing inherently unreasonable about a

client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer." *Norman*, 836 F.2d at 1302 (citing *Johnson v. Univ. Coll. of Univ. of Ala. in Birmingham*, 706 F.2d 1205, 1208 (11th Cir. 1983)). To recover time for multiple attorneys, the fee applicant bears the burden of showing that the time spent by those attorneys reflects the distinct contribution of each lawyer to the case and the customary practice of multiple-lawyer litigation. *Barnes*, 168 F.3d 423; *see also Lee v. Krystal Co.*, 918 F. Supp. 2d 1261, 1270 (S.D. Ala. 2013) ("With so many cooks making the broth, the need for internal conferences to keep everyone on the same recipe rises dramatically and undermines the reasonableness of those billings.").

Here, the billing logs reflect several instances of Mr. Rasco and Mr. Bimston billing for the same task. For example, on January 10, 2024, Mr. Rasco and Mr. Bimston billed for the same 0.9-hour telephone conference with Defendant Lee. [DE 210 at 5]. Likewise on January 26, 2024, Mr. Rasco and Mr. Bimston billed for the same 0.7-hour telephone conference with Defendant Lee. Defendant Lee has not satisfied her burden of showing that the time spent by Mr. Rasco and Mr. Bimston reflects the distinct contribution of each lawyer to the case.

b.  Block Billing

Second, the billing records submitted by Defendant Lee's counsel evidence several instances of block billing. "Block billing is impermissible because it prevents the Court from determining which portion of the fees billed on a particular date is recoverable and which is not." *Winslow v. Indiheartandmind, Inc.*, No. 21-cv-80800, 2022 WL 426513, at *3 (S.D. Fla. Feb. 11, 2022).

Here, for example, on December 11, 2023, Mr. Bimston's billing entry stated as follows: "Edited motion to enforce settlement agreement per client's instructions; drafted motion to seal

settlement agreement in preparation for filing same under seal in connection with the motion to enforce; reviewed local rules in connection with procedure to file under seal." [DE 210 at 5]. Similarly, on March 14, 2024, Mr. Bimston's billing entry stated: "Completed drafting response in opposition to Wagner's supplemental memorandum regarding first breach doctrine; file review and researched case law in connection therewith." *Id.* This use of block billing warrants a reduction in Defendant Lee's requested fees, as it leaves the Court unable to determine how long counsel spent on each specific task. *See Ceres Env't Servs., Inc. v. Colonel McCrary Trucking, LLC*, 476 F. App'x 198, 204 (11th Cir. 2012) (permitting a district judge to apply an across-the-board cut in attorneys' fees due to block billing).

      c. <u>Unnecessary or Excessive Hours</u>

Third, the billing logs, such as they are, contain unnecessary or excessive hours. "Excessive, redundant, or otherwise unnecessary hours should be excluded from the amount claimed." *Heron Dev. Corp. v. Vacation Tours, Inc.*, No. 16-20683-CIV, 2019 WL 4694147, at *4 (S.D. Fla. Aug. 27, 2019) (citing *Norman*, 836 F.2d at 1301).

Here, for example, between the March 15, 2024 continuation of the evidentiary hearing and the issuance of the Undersigned's Report and Recommendation on May 31, 2024, Defendant Lee billed a number of hours pertaining to the proper method of dismissing the Brazilian lawsuit. *See* DE 210 at 7. However, whether Plaintiff Lima properly dismissed the Brazilian lawsuit—after the evidentiary hearing but prior to the Undersigned's Report and Recommendation—is immaterial to the determination of whether Plaintiff Lima breached the Settlement Agreement in the first instance. Thus, the hours spent briefing an ancillary issue are unnecessary.

Further, the Court notes that Defendant Lee's counsel utilized Mr. Rasco's higher hourly rate to perform tasks such as highlighting documents in preparation for depositions, which seems

14

to have unnecessarily increased the attorneys' fees in this case. *See id.* at 6. The Court also notes that Mr. Rasco mistakenly double billed for the same 1.3 hour Zoom conference on February 16, 2024. *See id.* And, the Court does view the 13 hours spent on the Reply to Plaintiff Lima's Opposition to Motion to Enforce Settlement [DE 130] as slightly excessive. But to the extent Plaintiff Lima takes issue with the amount of total time billed in this case, that issue appears to be of Plaintiff Lima's own making. In this regard, the Court notes that on June 14, 2024, Plaintiff Lima filed an objection to the Undersigned's Report and Recommendation, which was wholly without basis, as Plaintiff Lima objected to damages that the Undersigned never even recommended awarding.[2]

    3. <u>Lodestar Amount</u>

"When a district court finds the number of hours claimed is unreasonably high, the court has two choices; it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins*, 548 F.3d at 1350 (citing *Loranger*, 10 F.3d at 783); *Freestream Aircraft USA Ltd. v. Chowdry*, No. 16-CV-81232, 2017 WL 4785458, at *1 (S.D. Fla. Oct. 20, 2017). Here, based upon all the facts, the Undersigned finds that an across-the-board reduction in hours is appropriate in this case to account for the billing deficiencies identified above. The Court will therefore reduce the hours claimed by 30%.

Thus, the fee award is $26,005.00 for Mr. Rasco (reflecting 74.3 hours at an hourly rate of $500.00, reduced by 30%), $22,260.00 for Mr. Bimston (reflecting 84.8 hours at an hourly rate of $375.00, reduced by 30%), and $105.00 for Mr. Serbin (reflecting 1 hour at an hourly rate of $150.00, reduced by 30%). This results in a fee award of $48,370.00. Further, the Court finds

---

[2] To the extent Plaintiff Lima objects to the seven "NO CHARGE" entries purportedly totaling 13.1 hours as opposed to the 9.6 hours claimed by Defendant Lee, the Court notes that the "NO CHARGE" entries do, in fact, total 9.6 hours as claimed by Defendant Lee

Defendant Lee's request for an additional 4 hours of fees at an hourly rate of $375.00 to be reasonable in responding to Plaintiff Lima's objections. *See* DE 210 at 2–3; DE 213. This results in a further fee award of $1,050.00 (4 hours at an hourly rate of $375.00, reduced by 30%).

Accordingly, the Undersigned **RECOMMENDS** that Defendant Lee be awarded a total of $49,420.00 in attorneys' fees.

C. Costs

As stated before, the Court has already found that Defendant Lee is entitled to attorneys' fees and costs. [DE 207 at 3]. Here, Defendant Lee requests $10,843.37 in costs. [DE 210 at 2]. Plaintiff Lima does not object in any manner to the requested cost amount. *See* DE 212 at 7. In any event, the costs Defendant Lee seeks to recover are listed in the Affidavit [DE 210], and Defendant Lee has attached several invoices in support. Thus, while the Court questions the necessity of several of the costs—including overnight delivery and rush fees—Plaintiff Lima has not objected to those costs, and the costs *are* in fact awardable under certain circumstances under federal law. *See McLeod v. Chef Creole Inc.*, No. 22-cv-22657, 2024 WL 3360422, at *3 (S.D. Fla. Apr. 1, 2024) ("[R]ush fees may be recoverable under the exception that they were 'necessarily incurred.'").

The Court notes that, to the extent Defendant Lee takes issue with the Undersigned's reduction of the lodestar above, Defendant Lee's Affidavit and attachments are confusing. Specifically, Defendant Lee lists $7,026.36 in "advances"—which appear to be costs—and then attaches certain additional invoices. It is not immediately apparent, however, where the $10,843.37 in costs comes from, and it is not this Court's obligation to create excel spreadsheets and do the work of Defendant Lee's counsel. Thus, although the Undersigned certainly could have reduced the costs award further or ordered supplemental briefing and increased the amount

16

of attorneys' fees, the Undersigned did not do so. Moreover, it is highly unlikely the excessive rush fees were necessary in this case, despite Plaintiff Lima's failure to object. And on the contrary, to the extent Plaintiff Lima takes issue with only reducing the lodestar by 30%, the Undersigned has overlooked Plaintiff Lima's non-compliance with Local Rule 7.3(a).

Accordingly, the Undersigned **RECOMMENDS** that Defendant Lee be awarded a total of $10,843.37 in costs.

## IV. CONCLUSION

In light of the foregoing, the Undersigned United States Magistrate Judge **RECOMMENDS** that the United States District Judge enter an Order awarding Defendant Lee $49,420.00 in attorneys' fees, and $10,843.37 in costs, for a total of $60,263.37, in connection with Defendant Lee's Motion to Enforce Settlement Agreement [DE 125], and enter a Judgment thereon.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Raag Singhal. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 19th day of August, 2024.

_____
WILLIAM MATTHEWMAN
United States Magistrate Judge